LAMAR, APPELLEE, *v.* MARBURY, APPELLANT.

[Cite as Lamar v. Marbury (1982), 69 Ohio St. 2d 274.]

(No. 81-271—Decided February 19, 1982.)

Mr. *Sanford I. Atkin*, for appellant.

Mr. *Nicholas A. Bucur*, Mr. *Richard J. Kaplow* and Mr. *Zygmunt G. Slominski*, for appellee.

*Per Curiam.* The brief of appellant fails to set forth a proposition of law as required by Section 1(D), Rule V of the Rules of Practice of the Supreme Court, but does contain an "assignment of error" to which we confine our review. The assignment of error reads as follows: "The Court of Appeals erred in finding that the trial court's ruling allowing the appeal and trial de novo pursuant to an oral motion under Civil Rule 60 B is an appealable order."

In support, appellant argues a reversal of the judgment of the Court of Appeals essentially upon the basis that it must be assumed from the record that an oral motion for relief from judgment pursuant to Civ. R. 60(B) was made to the trial court on February 22, 1979 and granted, and the case was thereafter pending for trial, and that both the subsequent trial court order of January 23, 1980, placing the case on the trial list and the order of March 6, 1980, overruling the motion to correct the record, were interlocutory in character and not final orders as defined in R. C. 2505.02. We disagree.[4]

---

[4] No procedure is provided in the Civil Rules for the securing of relief from a judgment under Civ. R. 60(B) by means of an oral motion. Civ. R. 60(B) provides, *inter alia,* "[t]he procedure for obtaining any relief from a judgment shall be by motion as

It is apparent from appellant's formulation of his assignment of error that he has misinterpreted the rationale of the Court of Appeals in holding the order of March 6, 1980 to be a final appealable order. See fn. 2. The Court of Appeals concluded no relief from judgment had been granted by the trial court pursuant to Civ. R. 60(B), no such motion for such relief having been filed by appellant. The record irrefutably supports such conclusion. If appellant is relying upon the affidavit attached to the motion for reconsideration filed in the Court of Appeals to inferentially support the making orally of a Civ. R. 60(B) motion, such reliance is misplaced.

Upon review the Court of Appeals was confined, pursuant to App. R. 12(A), to the record before it as defined in App. R. 9(A). The affidavit is not within such definition and may not be utilized to bring factual matters and proceedings before the appellate court not otherwise appearing in the record. Likewise, appellant cannot rely on the unjournalized order of February 26, 1979 as a *sub silentio* grant of Civ. R. 60(B) relief from judgment since, pursuant to Civ. R. 58, a judgment is effective only when filed with the clerk for journalization. Such entry was for that reason expressly disregarded by the Court of Appeals.

Accordingly, appellant's claim of error is overruled and the judgment of the Court of Appeals affirmed.[5]

*Judgment affirmed.*

Celebrezze, C. J., W. Brown, Sweeney, Locher, Holmes, C. Brown and Stephenson, JJ., concur.

Stephenson, J., of the Fourth Appellate District, sitting for Krupansky, J.

---

prescribed in these rules." Civ. R. 7(B)(1) provides, *inter alia,* "[a]n application to the court for an order shall be my motion which, unless made during a hearing or trial, shall be made *in writing.*" (Emphasis added.) Civ. R. 5(A) mandates service of the motion and Civ. R. 6(D) requires the service to be no later than seven days before the hearing date. Although we conclude herein the trial court did not grant relief from the judgment based upon an oral motion, it is self-evident that the grant of such an oral motion would probably be erroneous.

[5] Inasmuch as appellant has not briefed or argued any issue with respect to the appealability of the March 6, 1980 order absent a valid grant of relief from judgment, we do not reach or consider the issue of whether the Court of Appeals properly concluded that the order of March 6, 1980 was a final order as being based on a motion to vacate a void judgment.