DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Anthony W. Ellis has appealed from an order of the Summit County Common Pleas Court that denied his motion to withdraw his guilty plea to a charge of sexual battery with a physical harm specification. He has argued that the trial court created a manifest injustice by denying his motion. This Court affirms the judgment of the trial court because defendant failed to present evidence that denial of his motion to withdraw his guilty plea would be a manifest injustice.
 I.
On March 28, 1996, defendant was indicted on six counts of rape, violations of Section 2907.02(A)(1)(c) of the Ohio Revised Code, and six counts of gross sexual imposition, violations of Section 2907.05(A)(5) of the Ohio Revised Code. The alleged incidents on which the charges were based all involved the same victim and supposedly occurred between July and December 1995.
On August 15, 1996, the prosecutor filed a supplemental bill of information against defendant that charged him with one count of sexual battery, a violation of Section 2907.03(A)(2) of the Ohio Revised Code. The information included a physical harm specification in accordance with Section 2941.143 of the Ohio Revised Code. On August 16, 1996, defendant waived his right to be prosecuted by indictment in connection with the sexual battery charge and physical harm specification. That same day, defendant pleaded guilty to the sexual battery charge and the physical harm specification, and the trial court dismissed the six rape charges and six gross sexual imposition charges against him. On September 18, 1996, the trial court sentenced defendant to an indeterminate period of incarceration of not less than four years and not more than ten years.
On February 20, 1997, defendant moved the trial court for leave to withdraw his guilty plea. He asserted that he should be permitted to do so based upon "newly discovered evidence, to wit, the recanted testimony of the prosecuting witness." According to defendant, the only bases for the charges against him were statements of the alleged victim and the alleged victim had "recanted his allegations stating in a sworn statement that he had lied." Defendant supported his motion by a single, unauthenticated page from a transcript that neither identified the person asking questions or the person responding to the questions:
"Tony?"
A My Uncle Tony.
Q What's Tony's last name?
A Ellis.
 Q Okay. Now, you said that you told a lie. What was that lie?
A That he raped me.
Q Okay. And can you explain to me why you said that?
A Because I was scared.
Q Why were you scared?
A That I would get in trouble. From him.
 Q Why were you scared that you would get in trouble by him?
A `Cause I did that stuff to his daughters.
 Q The stuff that you told your mom about and told your Aunt Jackie about?
A Yes.
 Q Now, Michael, you understand that Tony's gotten in a lot of trouble because of this, right?
A Yes.
 Q Okay. Now, has anybody threatened you or forced you to say this today?
A No.
 Q Okay. Has anybody told you that you have to do this or, you know, said that you're going to get in
On March 13, 1997, the trial court denied defendant's motion to withdraw his guilty plea, and he timely appealed to this Court.
 III.
Defendant's sole assignment of error is that the trial court created a manifest injustice by denying his motion to withdraw his guilty plea. Rule 32.1 of the Ohio Rules of Criminal Procedure provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
Defendant has argued to this Court that "the trial court's denial of his Motion to Withdraw his Guilty Plea is in fact unreasonable, arbitrary and unconscionable, in light of the sworn statement of the sole prosecuting witness * * * to the effect that there was never any sexual contact between [defendant] and [the alleged victim]." Defendant's argument fails for a number of reasons.
To begin with, the single, unauthenticated transcript page submitted to the trial court did not evidence a "sworn statement of the sole prosecuting witness." Although defendant has attached to his brief in this Court a ten-page, certified transcript of a sworn statement of the alleged victim, which includes the single page that was submitted to the trial court, that transcript was never before the trial court and is not properly before this court. See Lamar v. Marbury (1982), 69 Ohio St.2d 274, 277. Even if it had been clear that the single page submitted to the trial court was part of a sworn statement of the prosecuting witness, that statement was not, as asserted by defendant, that defendant had not engaged in any sexual contact with the victim. Rather, it was that he had not raped the victim. Defendant did not plead guilty to rape, he pleaded guilty to sexual battery with a physical harm specification. Finally, although defendant has represented that the alleged victim was the "sole prosecuting witness," that is not clear from the record before this Court. Inasmuch as defendant pleaded guilty, it is unknown what evidence the State would have presented against him if this matter had proceeded to trial. His guilty plea was an admission of his factual guilt that relieved the State from the obligation to present any evidence. See State v. Wilson (1979),58 Ohio St.2d 52.
Defendant has not asserted that he did not voluntarily and intelligently plead guilty to the charge of sexual battery with a physical harm specification. Based upon the record properly before this Court, it cannot conclude that the trial court created a manifest injustice by denying defendant's motion to withdraw that guilty plea. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR