OPINION
Ralph E. Grove ("Appellant"), brings this appeal from a judgment of the Court of Common Pleas of Seneca County finding him in contempt for the failure to abide by the conditions of a previously issued civil protection order. For the reasons that follow, this appeal is not well-taken.
The record indicates that Appellant filed a petition for a civil protection order from his brother, Kenneth Grove ("Appellee"), in October 1998 based upon the allegation that Appellee, the owner of Appellant's residence, was attempting to interfere with Appellant's occupancy of the property. The trial court issued an ex parte order, and scheduled the matter for a full hearing. On the date of the hearing, the parties reached an agreement that was eventually read into the record. Among other things, the parties agreed that Appellee would have no contact with Appellant on the condition that the parties enter into a lease agreement for Appellant's continued occupancy of the residence at the rate of $200 per month, beginning January 10, 1999. The court journalized this agreement in an entry dated February 19, 1999.
Thereafter, on May 27, 1999, Appellee filed a motion to show cause as to why Appellant should not be held in contempt for his failure to enter into the aforementioned lease agreement. The court conducted a hearing on the matter and did not find Appellant in contempt at that time. Approximately one year later, on July 24, 2000, Appellee filed another motion to show cause for the exact same reason as that asserted in the prior motion. Although Appellant attempted to have the motion dismissed, arguing that res judicata barred Appellee from relitigating this same issue, the court disagreed and held a hearing on the matter. After considering the evidence presented, the court found Appellant in contempt for the failure to enter into the lease agreement as previously ordered. The court issued an entry as to the contempt on September 15, 2000, and subsequently stayed execution of the judgment pending this appeal.
Although Appellant asserts two assignments of error for our review, we are precluded from reaching the merits of these arguments because we are convinced that the entry appealed from is not a final order. In Cooperv. Cooper (1984), 14 Ohio App.3d 327, the Eighth District Court of Appeals explained:
 In order for there to be a final order in contempt of court proceedings, there must be both a finding of contempt and the imposition of a sanction or penalty. The mere adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed.
 See, also, Chain Bike v. Spoke `N Wheel, Inc. (1979), 64 Ohio App.2d 62, 64; Constien v. Constien (Mar. 25, 1991), Hancock App. No. 5-90-1, unreported.
In this case, the court's judgment entry finding Appellant in contempt ordered him to "enter into a lease agreement with [Appellee] for the continued occupancy of the real estate at the rate of $200.00 per month within thirty days or further sanctions will be imposed by this Court." Thus, the court obviously did not impose a penalty, but simply reaffirmed the former decree by again ordering Appellant to enter into the same lease agreement. Since the court did not address a penalty, one of the two essential components for a final order of contempt, this court lacks jurisdiction to review this matter and the appeal must be dismissed.
Furthermore, we must note as an aside that the state of the record would have prevented us from giving full consideration to Appellant's arguments even if this Court had been vested with proper jurisdiction. On appeal, Appellant attempted to show that res judicata precluded the court's finding of contempt through the use of the transcripts from both the 1999 and 2000 hearings. Unfortunately, the transcript from the hearing held on July 28, 1999 was not made a part of the trial court's record. Appellant merely attached the original transcript, which, we note, was certified by the reporter after the date of transmission of the record to this Court, as an appendix to his brief. Evidence not part of the record that is attached to an appellate brief cannot be considered by a reviewing court. See, e.g., State v. Booher (1988), 54 Ohio App.3d 1,15; Lamar v. Marbury (1982), 69 Ohio St.2d 274, 277. See, also, App.R. 9(A). Thus, even if we had jurisdiction to determine the merits of the appeal, we could not give full consideration to Appellant's arguments due to this procedural defect.
Appeal dismissed.
 HADLEY and SHAW, JJ., concur.