DECISION AND JUDGMENT ENTRY
This appeal is from the October 22, 2001 judgment of the Lucas County Court of Common Pleas which permanently enjoined appellants, Ok Sun Bean and Son Ae Holt, from maintaining a nuisance at 5142 Ryan Road in Toledo, Ohio, and padlocked the premises for one year. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellants assert the following single assignment of error on appeal:
 "The trial court's findings that defendant Ok Sun Bean maintained a nuisance and that defendant Son Ae Holt aided and abetted in maintaining a nuisance and its order granting the injunction were not supported by the weight of the evidence or by legally sufficient evidence."
In October 2000, the city sought a preliminary and permanent injunction pursuant to R.C. 3767.03 to enjoin appellants from maintaining a nuisance at 5142 Ryan Road, Toledo, Ohio. The city alleged that appellants maintained the premises for purposes of prostitution from October 2, 2000 until October 17, 2000. The city sought to enjoin appellants from operating a massage establishment without a license in violation of Toledo Municipal Code 1735.02 and from occupying the premises in violation of Chapter 1309 of the Toledo Municipal Code. The city alleged that Ok Sun Bean resided at the premises and knew or had reason to know that prostitution was occurring on her property.
At the hearing, the following evidence was presented. Ok Sun Bean owns the property. Son Ae Holt had a license to operate a massage parlor, Fuji Health Spa, on the premises, which expired on September 30, 2000. After the license expired, a different applicant sought a massage establishment license for the same premises, but the request was denied.
On October 3, 2000, three Toledo police detectives entered the premises and paid for massages. One detective testified that his masseuse described for him the sexual activities she could perform for an additional fee. Another detective testified that his masseuse began to massage his groin area and asked if he would like her to continue for an additional charge. The third detective testified that his masseuse offered to have sexual relations with him for an additional charge. When the detectives returned with additional money, the doors were locked. Warrants were issued for the women and they were arrested later. The fourth detective who visited the premises on October 17, 2000 testified that he was solicited by his masseuse for an additional fee. She was arrested a few minutes later and charged with solicitation.
Furthermore, one of the detectives saw Ok Sun Bean tending to plants outside the premises when he entered. Another detective observed in the premises a dormitory-type room with beds and personal belongings on each bed. He also observed that some of the beds had heated mattresses. The room appeared to be a place where someone slept on a regular basis. A building inspector testified that the property is zoned only for commercial use.
In their sole assignment of error, appellants contend that the trial court's judgment was against the manifest weight of the evidence.
A nuisance is defined as any place in which prostitution is conducted. R.C. 3767.01(C)(2). Under R.C. 3767.02(A), effective January 1, 1999, "[a]ny person, who uses, occupies, establishes, or conducts a nuisance, * * * the owner, agent, or lessee of an interest in any such nuisance; * * *; and any person who is in control of that nuisance is guilty of maintaining a nuisance and shall be enjoined as provided in sections3767.03 to 3767.11 of the Revised Code."
While the civil offense of maintaining a nuisance does not require proof that the owner of the property acquiesced to or participated in the creation of the nuisance, a court cannot issue an injunction closing the property where the nuisance is found for one year pursuant to R.C.3767.06(A) unless the owner was found to have acquiesced or participated in the creation or perpetration of a nuisance. State ex rel. Pizza v.Rezcallah (1998), 84 Ohio St.3d 116, paragraph two of the syllabus.
The city was required to prove its allegations by clear and convincing evidence. State ex rel. Freeman v. Pierce (1991), 61 Ohio App.3d 663,670-671. On appeal, this court will not reverse the judgment of the lower court if it was supported by some competent, credible evidence as to all the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, and State ex rel. Montgomery v.Sky Health Spa (Sept. 15, 1995), 6th Dist. No. E-94-060.
First, appellants contend on appeal that there was no evidence of attempted solicitation or prostitution. When the police detectives testified regarding the statements of the women who gave them the massages, the court would not admit the statements for the truth of the matter asserted. Therefore, appellants contend that there was no evidence of the solicitation. We disagree.
An assertion, for hearsay purposes, is a statement about an event that happened or a condition that existed. State v. LaMar, 95 Ohio St.3d 181,197, 2002-Ohio-2128. Therefore, a true question or inquiry is not hearsay because it cannot be proven either true nor false since it is not a statement of fact. State v. Carter (1995), 72 Ohio St.3d 545, paragraph two of the syllabus, certiorari denied (1995), 516 U.S. 1014, and Statev. LaMar, supra. Furthermore, statements which are not intended to prove the truth of what was said are not hearsay. State v. Davis (1991),62 Ohio St.3d 326, 343, certiorari denied (1992), 506 U.S. 803.
Clearly, under Ohio law, the inquiry by one masseuse as to whether the detective wanted her to extend his massage was not hearsay because it was an inquiry as to whether the detective wished to purchase sexual activities. However, the trial court admitted this evidence and the other statements by the masseuses with the limitation that they could not be used to prove the truth of the statements. Therefore, as an appellate court, we are bound by the record before us and may not consider any other facts than those found in the record. Paulin v. Midland Mut. LifeIns. Co. (1974), 37 Ohio St.2d 109, 112, and Lamar v. Marbury (1982),69 Ohio St.2d 274, 277.
Nonetheless, even if the statements are excluded from consideration to prove that the detectives were solicited, we find that the fact-finder could conclude from all of the remaining facts that the premises were used to conduct prostitution. There was direct proof that the fourth officer was solicited and that the woman was arrested for solicitation. Furthermore, the fact-finder can infer that the other three detectives had been solicited because they returned to the premises after their massage with additional monies for additional services and that warrants were then issued for the arrest of the women who gave the massages.
Appellants contend that it would be improper for us to make an inference that these women were guilty of prostitution because of their arrest. However, appellants fail to consider that this case does not involve proving the guilt of the arrested women. Rather, the city was obligated to prove only by clear and convincing evidence, not proof beyond a reasonable doubt, that prostitution was occurring on the premises.
Second, appellants contend that there was no evidence that Ok Sun Bean lived at the premises. We agree. However, we find that there was sufficient evidence presented from which the trial court could conclude that Ok Sun Bean knew of and acquiesced in the nuisance activities and therefore properly enjoined her from continuing this nuisance.
Accordingly, appellants' sole assignment of error is well-taken.
Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., Concur.