OPINION
{¶ 1} Defendant-Appellant, Debra Napper, appeals an Allen County Common Pleas Court, Domestic Relations Division, judgment whereby Plaintiff-Appellee, Redell Napper, was designated the residential and custodial parent of the parties' minor children, Appellant was ordered to pay child support, and Appellee was ordered to make payments on his child support arrearage. Appellant argues that the trial court erred by designating Appellee as residential parent and by ordering her to pay child support. Because Appellant failed to provide a complete transcript of the proceedings in the trial court or suitable alternative as part of this appeal, we must presume the regularity of the proceedings. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} The parties herein were divorced in 1992, with eight children born as issue of the marriage. At the time of the divorce Appellee received custody of the two oldest children, and Debra received custody of the remaining children. Appellee subsequently received custody of two other children.
 {¶ 3} In April 2002, Appellee moved for modification of residential parent status as to the remaining children. The matter came on for hearing on July 24, 2002. Upon consideration of the evidence presented, the magistrate named Appellee the residential and custodial parent of the remaining children, ordered Appellant to pay child support in the amount of $50 per month, and directed Appellee to make monthly payments of $300 toward his outstanding child support arrearages. Appellant filed objections to the magistrate's decision, but failed to submit a transcript in support thereof. On September 10, 2002, the Trial Court adopted the magistrate's decision and overruled Appellant's objections.
 {¶ 4} From this decision Appellant appeals, presenting five assignments of error with a single, narrative argument for our review. Within each error, Appellant asserts that the trial court abused its discretion in the manner in which it considered and applied evidence with respect to custody and child support determinations and that such determinations are against the manifest weight of the evidence.
 {¶ 5} As an initial matter, we note that Appellant has attempted to supplement the record with additional evidence attached to and contained within her brief. Upon review, appellate courts are confined, pursuant to App.R. 12(A), to the record before it as defined in App.R. 9(A).[1] Stated otherwise, an appellate court's review is strictly limited to the record that was before the trial court, no more and no less. "Evidence not part of the record that is attached to [or contained within] an appellate brief cannot be considered by a reviewing court."[2]
Therefore, this Court will not consider this evidence for the first time on appeal.
 {¶ 6} In support of her appeal, Appellant has filed partial transcripts of limited portions of the testimony of five witnesses. As a general matter:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and to affirm.[3]
 {¶ 7} If the evidence contained in a partial record does not itself conclusively support the finding or conclusion, and it does not affirmatively appear that omitted evidence has no bearing on such finding or conclusion, it will be presumed that the omitted evidence supports the finding or conclusion.[4] Furthermore, App.R. 9(B) prescribes: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence
relevant to such findings or conclusion."[5]
 {¶ 8} With respect to Appellant's argument that certain findings and conclusions are unsupported by the evidence or contrary to the weight of the evidence, a complete transcript of all evidence relevant to the challenged findings and conclusions or an acceptable alternative is necessary for review. As to her claims that the trial court abused its discretion, Appellant omits substantial portions of the testimony of several witnesses and, likely, colloquy between court and counsel. We have no way of knowing the complete basis for the trial court's findings and must presume that the omitted evidence supports its conclusions.[6]
Upon review, we find the limited record before us does not portray Appellant's assigned errors, hence, we cannot find that that trial court abused its discretion or that Appellant was prejudiced by its determinations. Thus, Appellant's assignments of error are overruled.
 {¶ 9} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Allen County Common Pleas Court is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J., and CUPP, J., concur.
[1] Lamar v. Marbury (1982), 69 Ohio St.2d 274, 277.
[2] Grove v. Grove (Feb. 28, 2001), Seneca App. No. 13-2000-32,2001-Ohio-2109 (citations omitted).
[3] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[4] In re Estate of Kinder (May 12, 1999), Defiance App. No. 4-98-23, citing Wargo v. Buck (1997), 123 Ohio App.3d 110, 117.
[5] Emphasis added. See, also, In Re Adoption of Foster (1985),22 Ohio App.3d 129, 131, overruled on other grounds in In Re Adoption ofSunderhaus (1991), 63 Ohio St.3d 127.
[6] Napper v. Napper (Oct. 30, 2001), Allen App. No. 1-01-89,2001-Ohio-2310.