JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Timothy J. McGinty that granted a motion to stay pending arbitration. Appellants Donald and Barbara Robinson claim the arbitration provision in the health insurance policy issued to them by Central Reserve Life Insurance Company ("Central Reserve") is unenforceable, that the judge erred in granting the motion to stay without first holding a hearing, and that the applicable arbitration procedures require a post-dispute agreement to arbitrate. We reverse and remand
 {¶ 2} Central Reserve issued Mr. Mrs. Robinson a health insurance policy in July of 1999, and Robinson, who has a history of diabetes, underwent heart bypass surgery in March of 2001. On September 27, 2001, Central Reserve denied coverage for the surgery, and sent the Robinsons a letter rescinding their policy. It claimed that, at the time of the couples' application, had it had access to some newly discovered medical records concerning Robinson, it would not have issued the policy.
 {¶ 3} The Robinsons filed a complaint against Central Reserve alleging bad faith and breach of contract, and praying for both compensatory and punitive damages. Central Reserve filed a motion to stay proceedings under R.C. 2711.02, citing the policy's arbitration provision, which states:
"After exhaustion of the Appeal of Decision procedures, any disputearising out of or related to the Policy that remains shall be settled byarbitration in accordance with applicable federal or state laws and theInsurance Dispute Resolution Procedures, as amended, and administered bythe American Arbitration Association, and judgment on the award renderedby the arbitrator(s) may be entered in any court having jurisdictionthereof."
 {¶ 4} The Robinsons opposed the motion both by filing memoranda in opposition and by filing an amended complaint, which alleged the arbitration provision was unconscionable and unenforceable. Robinson submitted an affidavit that averred, among other things, that he and his wife applied for coverage, were approved, and began making premium payments before receiving a complete copy of the policy's terms and conditions. He stated that they selected certain coverage options, but were never informed that the final policy would contain an arbitration provision. The judge granted the motion to stay pending arbitration, and the Robinsons assert several arguments under a single assignment of error, attached as an Appendix to this opinion.
 Agreement to Arbitrate {¶ 5} We review the grant or denial of a motion to stay arbitration under an abuse of discretion standard, and we will not reverse unless the judge's decision is unreasonable or an error of law.[1] The Robinsons claim they did not agree to the arbitration provision because they were not adequately notified of it prior to purchasing the policy. They admit that the application form they submitted contained a reference to arbitration, but they argue that the notice did not adequately inform them of the scope of the provision contained in the policy itself, which was not sent to them until after the application had been approved.
 {¶ 6} We cannot address this issue directly, however, because the Robinsons' application form was not part of the trial court record, but is instead included as an attachment to Central Reserve's brief on appeal. Although the Robinsons admit, in their reply brief, that the application form contained a reference to the arbitration provision, we cannot review the application form itself because that document is not properly part of the record on appeal.[2] We cannot review and consider evidence that was not submitted to the trial judge.[3]
 {¶ 7} The judge apparently determined that the arbitration provision was enforceable even if, as stated in Mr. Robinson's affidavit, it was disclosed to the couple only after their application had been approved and they had begun making premium payments. On these facts the arbitration provision is not enforceable because its inclusion in the final policy does not show a "meeting of the minds."[4] The parties must mutually agree to include such a provision in the policy; it cannot be inserted unilaterally after the policy has been purchased.[5]
 {¶ 8} The assertion and admission that the application form referred to arbitration might affect the analysis of whether there was a "meeting of the minds" concerning arbitration, but we will not review the issue based on evidence that was not presented to the judge. Central Reserve failed to provide the application as evidence and, on the facts presented to the judge, the arbitration provision is invalid underNationwide Mut. Ins. Co. v. Marsh, supra. Therefore, the grant of the motion to stay must be reversed and the case remanded.
 Lack of Hearing/Unconscionability/Arbitration Procedures {¶ 9} The Robinsons also claim the judge erred in failing to hold a hearing prior to granting the motion to stay, in failing to find the arbitration provision unconscionable, and in failing to find that the applicable arbitration procedures required a post-dispute agreement to arbitrate. Because the grant of the stay must be reversed and the case remanded for further proceedings, we find these issues moot.[6] To the extent that any of the Robinsons' arguments request relief greater than that stated in the assignment of error, we decline to address them. The assignment asserts only that the judge erred in granting the motion to stay, and we sustain that assignment of error.
 {¶ 10} Judgment reversed and remanded.
 APPENDIX — ASSIGNMENT OF ERROR "The trial court erred in granting defendant's motion to stay pendingarbitration."
It is ordered that the appellants recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, J., concurs.
Ann Dyke, J., concurs in judgment only.
[1] Urban v. Goodyear Tire Rubber Co. (Dec. 7, 2000), Cuyahoga App. Nos. 76703, 77162, 77776; Rohde v. Farmer (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685, paragraphs one and two of the syllabus.
[2] App.R. 9(A); Lamar v. Marbury (1982), 69 Ohio St.2d 274, 277, 23 O.O.3d 269, 431 N.E.2d 1028.
[3] Id.
[4] Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107, 109, 15 OBR 261, 472 N.E.2d 1061.
[5] Id.
[6] App.R. 12(A)(1)(c).