OPINION
{¶ 1} Defendant-appellant, Tiffany R. Mahlerwein, appeals from an order of the Franklin County Court of Common Pleas that (1) granted a motion seeking relief from judgment, and (2) vacated an earlier entry dissolving a receivership. Because the trial court did not abuse its discretion, we affirm the judgment of the trial court.
 {¶ 2} Reg Martin of Martin Management Services, Inc. is the court-appointed receiver for Healthcare Choices Consultants, LLC ("Healthcare Choices Consultants" or "company"). Mr. Martin became the receiver for Healthcare Choices Consultants *Page 2 
after plaintiff, Amar D. Lakhi, filed a lawsuit, wherein he alleged that he and Ms. Mahlerwein, a co-owner of Healthcare Choices Consultants with Mr. Lakhi, were deadlocked in the management of the company, and that the company was insolvent or in immediate danger of insolvency. In a supplemental verified complaint, Mr. Lakhi later alleged that Ms. Mahlwerwein acted fraudulently. During proceedings before the trial court, the trial court found Ms. Mahlerwein in contempt of court. Ms. Mahlerwein then appealed to this court, which ultimately reversed the common pleas court's judgment and remanded the matter to that court. SeeLakhi v. Healthcare Choices Consultants, LLC, Franklin App. No. 06AP-806, 2007-Ohio-4127 ("Lakhi I ").
 {¶ 3} In Lakhi I, by her second assignment of error, Ms. Mahlerwein advanced a claim that the trial court erred by vacating an entry that dissolved the receivership of Healthcare Choices Consultants. Id. at ¶ 13. Because the trial court prejudicially erred by sua sponte vacating an order that dissolved the receivership of the company, the LakhiI court sustained Ms. Mahlerwein's second assignment of error. Id. at ¶ 39. However, despite finding that the trial court erred by sua sponte vacating its dissolution order, the Lakhi I court nonetheless observed that the trial court's order dissolving the receivership appeared to have been erroneously entered. Id. at ¶ 31. The Lakhi I court therefore instructed: "Because the trial court's final order dissolving the receivership appears to have been issued in error, on remand the trial court properly may consider a Civ.R. 60(B) motion seeking relief from the trial court's final order dissolving the receivership." Id. at ¶ 40.
 {¶ 4} On remand, claiming, among other things, that he had additional tasks to complete on the company's behalf, the receiver sought relief from judgment under Civ.R. *Page 3 
60(B) and moved the trial court to vacate its earlier order dissolving the receivership. Neither Ms. Mahlerwein nor Mr. Lakhi opposed the receiver's motion.
 {¶ 5} Finding that the receiver's motion for relief from judgment was well-taken, the trial court granted the receiver's Civ.R. 60(B) motion and vacated its earlier entry that granted Ms. Mahlerwein's motion to dissolve the receivership.
 {¶ 6} From the trial court's judgment, Ms. Mahlerwein now appeals and advances a single error for our consideration: "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VACATED A FINAL JUDGMENT ENTRY AND REOPENED THIS MATTER."
 {¶ 7} An order vacating a judgment under Civ. R. 60(B) is a final appealable order. Stainer v. Aspell (Nov. 17, 1981), Franklin App. No. 81AP-600, citing Bates Springer, Inc. v. Stallworth (1978),56 Ohio App. 2d 223; In re L.S., Summit App. No. 23523, 2007-Ohio-1583, at ¶ 11; see, also, former R.C. 2505.02(B)(3)[1] (providing that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * [a]n order that vacates or sets aside a judgment or grants a new trial").
 {¶ 8} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169; *Page 4 Stockdale v. Baba, 153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169; State v. Congrove, Franklin App. No. 06AP-1129,2007-Ohio-3323, at ¶ 9.
 {¶ 9} "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quoting Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161; see, also,Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5 Ed.) (observing that "`[unreasonable' means `irrational'"); Congrove, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9.
 {¶ 10} Accordingly, in this appeal the sole issue for this court to resolve is whether the trial court acted unreasonably, arbitrarily, or unconscionably by granting the receiver's Civ.R. 60(B) motion and vacating its earlier entry dissolving the receivership of the company.
 {¶ 11} To support her claim that the trial court prejudicially erred, Ms. Mahlerwein first claims that the receiver was required to serve his Civ.R. 60(B) motion upon Ms. Mahlerwein in the same manner as a "new complaint." Stated differently, Ms. Mahlerwein contends that the receiver was required to serve his Civ.R. 60(B) motion upon Ms. Mahlerwein in the manner prescribed under Civ.R. 4. See, e.g., Civ.R. 4(A) (requiring the clerk of court to issue a summons for service upon each defendant listed in the caption of *Page 5 
a complaint). Because the receiver failed to serve his Civ.R. 60(B) motion upon Ms. Mahlerwein in a manner prescribed by Civ.R. 4, Ms. Mahlerwein reasons that the trial court erred by granting the receiver's Civ.R. 60(B) motion.
 {¶ 12} Civ.R. 60(B) provides a procedure for obtaining relief from a judgment. According to Civ.R. 60, "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." In Lamar v. Marbury (1982), 69 Ohio St.2d 274, the Supreme Court of Ohio explained:
 * * * Civ.R. 60(B) provides, inter alia, "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Civ.R. 7(B)(1) provides, inter alia, "[a]n application to the court for an order shall be my [sic] motion which, unless made during a hearing or trial, shall be made in writing" (Emphasis added.) Civ.R. 5(A) mandates service of the motion and Civ.R. 6(D) requires the service to be no later than seven days before the hearing date. * * *
Id. at 276-277, fn. 4.[2] See, also, Civ.R. 60; Civ.R. 7(B)(1); and Civ.R. 5.
 {¶ 13} Because Civ.R. 60 provides that the procedure for obtaining any relief from judgment is by motion as prescribed in the Ohio Rules of Civil Procedure, and because Civ.R. 5 provides for the service and filing of pleadings and other papers subsequent to an original complaint, such as a written motion, Civ.R 5, not Civ.R. 4, governs the service of the receiver's Civ.R. 60(B) motion. Accord Weaver v.Weaver (Aug. 3, 2000), Franklin App. No. 99AP-1370, citing McCort v.McCort (July 20, 1989), Cuyahoga App. No. 55521 (stating that "[w]hen a party files a Civ.R. 60(B) motion in a domestic relations court, Civ.R. 5 governs service of the 60(B) motion"). *Page 6 
 {¶ 14} Civ.R. 5(B) provides in part that "[w]henever under these rules service is permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." InSwander Ditch Landowners' Assn. v. Joint Bd. of Huron and Seneca CountyCommrs. (1990), 51 Ohio St.3d 131, applying Civ.R. 5(B), the Supreme Court of Ohio held that "[w]hen service is required to be made upon a party who is represented by an attorney of record, service should be made upon the attorney unless the court expressly orders that it be made upon the party." Id. at syllabus. The Swander Ditch Landowners'Assn. court explained: "The reasoning for the requirement that an attorney of record be served is that a party represented by counsel usually speaks through his counsel. Counsel is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken." Id. at 134.
 {¶ 15} Our review of the record finds that the receiver served his Civ.R. 60(B) motion upon Ms. Mahlerwein's attorney by ordinary United States mail, postage prepaid, thereby complying with Civ.R. 5. See, generally, Civ.R. 5(B). On appeal, Ms. Mahlerwein does not contend that the receiver did not perfect service of his Civ.R. 60(B) motion upon her attorney; neither does she assert that the trial court expressly ordered that service be made upon her.
 {¶ 16} Accordingly, absent any claim that Ms. Mahlerwein's attorney was not served with the receiver's Civ.R. 60(B) motion, and absent any claim that the trial court ordered service upon Ms. Mahlerwein, Ms. Mahlerwein's contention that the receiver was required to serve his Civ.R. 60(B) motion upon her, instead of her attorney, is not well-taken. *Page 7 
 {¶ 17} Ms. Mahlerwein next asserts that the receiver failed to demonstrate that he met the requirements of Civ.R. 60(B). Specifically, Ms. Mahlerwein contends that the receiver lacks a meritorious defense as the receiver's claim of unfinished business is belied by the receiver's dilatoriness in filing tax returns. Ms. Mahlerwein further asserts that the receiver's true underlying purpose for filing a Civ.R. 60(B) motion is to prevent Ms. Mahlerwein from asserting a negligence claim against the receiver. Ms. Mahlerwein further obliquely suggests that the trial court is biased against her.
 {¶ 18} Here, although Ms. Mahlerwein properly was served with the receiver's Civ.R. 60(B) motion through service upon her attorney, Ms. Mahlerwein failed to oppose the receiver's Civ.R. 60(B) motion in the trial court. Thus, the arguments that Ms. Mahlerwein now raises in this appeal were not raised before the trial court, where Ms. Mahlerwein presumably would have had an opportunity to set forth her opposing claims with supporting evidence.
 {¶ 19} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. See, also, Civ.R. 60(B).[3] *Page 8 
 {¶ 20} "The evidentiary materials presented by the movant [in support of a motion seeking relief from judgment] `must present "operative facts" and not mere general allegations to justify relief.'" Miami Sys.Corp. v. Dry Cleaning Computer Sys., Inc. (1993), 90 Ohio App.3d 181,184, quoting Hornyak v. Brooks (1984), 16 Ohio App.3d 105, 106. See, also, Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351 (observing that Civ.R. 60 is a remedial rule that should be liberally construed and any doubt should be resolved in favor of a movant so that cases may be decided on the merits).[4]
 {¶ 21} In his Civ.R. 60(B) motion, the receiver informed the trial court that, as discussed in his accounting of June 2006, outstanding issues remained, namely, the filing of tax returns for the company and the resolution of legal issues against Ms. Mahlerwein. *Page 9 
Because outstanding issues remained as to the company, the receiver asserted that he had not yet completely fulfilled his duties. The receiver further argued that the trial court's order dissolving the receivership was entered without consultation by the parties' counsel as required by local court rule and, therefore, the trial court's order dissolving the receivership was error. See, generally, Loc.R. 25 of the Franklin County Court of Common Pleas.[5]
 {¶ 22} On appeal, Ms. Mahlerwein contends that the receiver has failed to put forth a meritorious claim in support of his Civ.R. 60(B) motion because the receiver's own dilatoriness in filing company tax returns materially contributed to the receiver's failure to completely fulfill his duties.
 {¶ 23} Our review of the receiver's interim accounting of June 2006 shows that the receiver represented that there were tax returns for the entity that needed completion and that unresolved legal issues against Ms. Mahlerwein remained. Thus, the receiver's representations to the trial court in support of his Civ.R. 60(B) motion are supported by evidence in the record. By contrast, Ms. Mahlwerwein has not directed us to any evidence in the record that shows that the receiver had sufficient information to file necessary tax returns for the company and, therefore, the receiver had been dilatory in filing tax returns on the company's behalf.
 {¶ 24} We further find that the receiver's claim that the trial court's order dissolving the receivership was issued in error is consistent with Lakhi I's previous observation that the trial court's entry dissolving the receivership apparently was erroneously issued. See *Page 10 
id. at ¶ 31 (observing that the trial court's order dissolving the receivership appeared to be erroneous because the day before the trial court issued the dissolution order it had ordered the receiver to file a final accounting within 28 days).
 {¶ 25} Accordingly, although the trial court failed to identify grounds under Civ.R. 60(B)(1) through (5) that supports its judgment, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably when it found that "[f]or the reasons set forth in the Receiver's Motion, and upon due consideration of the Memorandum in Support of Motion as well as the accompanying Exhibits, the Court finds that the Receiver's Motion is well taken and hereby grants said Motion." (Entry, filed October 3, 2007.) See, generally, Civ.R. 60(B)(5) (providing that, on motion made within a reasonable time, a court may relieve a party from final judgment for "any other reason justifying relief from judgment").
 {¶ 26} Finally, Ms. Mahlerwein's oblique claim that the trial court is biased or prejudiced against her also is unconvincing. "A judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption." Wardeh v.Altabchi, 158 Ohio App.3d 325, 2004-Ohio-4423, at ¶ 20, citing In reDisqualification of Kilpatrick (1989), 47 Ohio St.3d 605, 606; Eller v.Wendy's Internatl., Inc. (2000), 142 Ohio App.3d 321, 340, appeal not allowed (2001), 91 Ohio St.3d 1419. Here, Ms. Mahlerwein's undeveloped claims of bias or prejudice fail to overcome the trial court's presumption of integrity. See, generally, Van Jackson v. Check `N Go ofIllinois, Inc. (N.D.Ill, 2000), 193 F.R.D. 544, 546 (observing that "undeveloped arguments are waived and bald assertions are worthless").
 {¶ 27} "Pursuant to R.C. 2701.03, the Ohio Supreme Court, not the courts of appeals, has authority to determine a claim that a common pleas court judge is biased *Page 11 
or prejudiced." Wardeh, at ¶ 21, citing State v. Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, at ¶ 15, motion for delayed appeal denied,99 Ohio St.3d 1539, 2003-Ohio-4671, citing Beer v. Griffith (1978),54 Ohio St.2d 440, 441. "R.C. 2701.03 `provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.'" Wardeh, at ¶ 21, citing Scruggs, at ¶ 15, quotingJones v. Billingham (1995), 105 Ohio App.3d 8, 11. Thus, if Ms. Mahlerwein believes that the trial judge is biased or prejudiced against her, her remedy is to file an affidavit of disqualification for prejudice with the clerk of the Supreme Court of Ohio. R.C. 2701.03;Wardeh, at ¶ 21; Scruggs, at ¶ 15.
 {¶ 28} Accordingly, for the reasons set forth above, we cannot conclude that the trial court abused its discretion by granting the receiver's Civ.R. 60(B) motion and vacating an earlier entry dissolving the receivership of Healthcare Choices Consultants. We therefore overrule Ms. Mahlerwein's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] After the trial court granted the receiver's motion for relief from judgment, R.C. 2505.02 was amended by (2007) Am. Sub. S.B. No. 7, effective October 10, 2007. R.C. 2505.02(B)(3) was unaffected by (2007) Am. Sub. S.B. No. 7.
[2] In footnote 4, the Lamar court also observed: "No procedure is provided in the Civil Rules for the securing of relief from a judgment under Civ.R. 60(B) by means of an oral motion. * * * Although we conclude herein the trial court did not grant relief from the judgment based upon an oral motion, it is self-evident that the grant of such an oral motion would probably be erroneous." Id. at 276-277, fn. 4.
[3] Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
[4] In Svoboda, the Supreme Court of Ohio observed:
 In Blasco [v. Mislik (1982), 69 Ohio St.2d 684], the majority recognized at page 685 that "Civ.R. 60(B) is a remedial rule and should be liberally construed," citing Colley [v. Bazell (1980), 64 Ohio St.2d 243]. This standard of liberality is consistent with the oft-stated general principle that Civ.R. 60(B)(5) is a provision whereby a court may relieve a party from judgment for any other reason than set forth in Civ.R. 60(B)(1) to (4) justifying relief from judgment. Our conclusion that the requirements for a motion to vacate have been satisfied herein is buttressed by the purposes of the rule of permitting relief in the interests of justice. Any doubt should be resolved in favor of the movant so that cases may be decided on the merits. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113 [1 O.O.3d 86]; Caruso-Ciresi, Inc. v. Lohman, supra, dissent at page 5 Ohio St.2d 67, 448 N.E.2d 1365.
Id. at 351.
[5] Loc.R. 25.01 of the Franklin County Court of Common Pleas provides in part: "Unless the Trial Judge otherwise directs, counsel for the party in whose favor a decision, order, decree, or judgment is rendered, shall within five days thereafter prepare the proper journal entry and submit it to the counsel for the adverse party, who shall approve or reject the entry within three days after receipt." (Adopted effective July 1, 1991; amended effective September 21, 1994; May 23, 2002.). *Page 1