[Cite as *State v. Villareal*, 2022-Ohio-1473.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                  :                    No. 21AP-588
                                                                                      (C.P.C. No. 18CR-3059)
v.                                                            :

Luis E. Villareal,                                   :                    (REGULAR CALENDAR)

      Defendant-Appellant.               :

---

D E C I S I O N

Rendered on May 3, 2022

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Luis E. Villareal*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Luis E. Villareal, appeals a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief without an evidentiary hearing. For the following reasons, we affirm.

{¶ 2} By indictment filed June 26, 2018, plaintiff-appellee, State of Ohio, charged Villareal, along with seven other co-defendants, with one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a first-degree felony; one count of trafficking in marijuana, in violation of R.C. 2925.03, a second-degree felony; two counts of trafficking in cocaine, in violation of R.C. 2925.03, first-degree felonies; one count of trafficking in marijuana, in violation of R.C. 2925.03, a fourth-degree felony; and one count of receiving proceeds of an offense subject to forfeiture proceedings, in violation of R.C. 2927.21, a third-

degree felony.  Five of the counts contained accompanying one-year firearm specifications, and two of the counts contained forfeiture specifications for the $509,373 in currency seized following an execution of a search warrant.  The indictment related to conduct occurring between December 18, 2017 and June 16, 2018.  The case number in the trial court for this indictment was Franklin C.P. No. 18CR-3059.

{¶ 3}  After initially entering a plea of not guilty, Villareal appeared with counsel on January 23, 2020, and entered a plea of guilty to one count of engaging in a pattern of corrupt activity and one count of trafficking in cocaine in case No. 18CR-3059.  That same day, Villareal also entered a guilty plea in Franklin C.P. No. 19CR-2311 to one count of trafficking in cocaine relating to a separate indictment the state filed May 10, 2019.  The trial court accepted Villareal's guilty pleas in both cases, found Villareal guilty, and imposed the mandatory required prison sentence of 11 years for the engaging in a pattern of corrupt activity, concurrent to a mandatory 11 years for the trafficking in cocaine offense in case No. 18CR-3059, and the trial court ordered that sentence to run consecutive to the three-year prison sentence it imposed for trafficking in cocaine in case No. 19CR-2311, for a total aggregate sentence of 14 years in prison.  Villareal did not file a timely direct appeal of his conviction and sentence in case No. 18CR-3059.

{¶ 4}  On November 5, 2020, appellant filed in the trial court a pro se petition for postconviction relief under R.C. 2953.21.  On November 19, 2020, appellant filed a second petition for postconviction relief titled petition for post-conviction relief pursuant to R.C. 2953.21 or, in the alternative, motion to withdraw guilty plea pursuant to Crim.R. 32.1. In it, appellant asserted as grounds for relief ineffective assistance of counsel due to trial counsel's failure to file a motion to suppress the evidence seized as a result of the searches conducted in this case.

{¶ 5}  The state filed its response to appellant's first petition on November 10, 2020 and filed a virtually identical response to appellant's second petition on December 18, 2020. On October 15, 2021, the trial court issued a journal entry denying appellant's November 19, 2020, petition[1] without holding a hearing finding that appellant's claim of ineffective

---

[1] The trial court did not address appellant's first petition, nor has appellant filed an appeal related to that petition.

assistance of counsel was barred by res judicata, and that even if it were not so barred, his claim was meritless.

{¶ 6} Appellant timely appeals, assigning the following error for our review:

Ineffective assistance of counsel, in violation of the Sixth Amendment.

{¶ 7} Although not articulated as such, we construe appellant's sole assignment of error as contending that the trial court erred in denying his petition for postconviction relief without a hearing. We disagree.

{¶ 8} "A trial court's decision to deny a postconviction petition without a hearing is reviewed under the abuse of discretion standard." *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion entails a decision that is unreasonable, arbitrary, or unconscionable. *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} R.C. 2953.21 provides for a postconviction relief process that is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 17, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for postconviction relief is a means by which the petitioner may present constitutional issues that would otherwise be unreviewable on direct appeal because the evidence supporting those issues is not included in the record of the petitioner's criminal conviction. *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15, citing *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). Postconviction review is not a constitutional right but, rather, is a narrow remedy which affords the petitioner no rights beyond those granted by statute. *Calhoun* at 281-82. A postconviction relief petition does not provide the petitioner a second opportunity to litigate his or her conviction. *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23, citing *Murphy*.

{¶ 10} A petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition. *State v. Sidebeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980). To warrant an evidentiary hearing, the petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. *Id.* The evidence must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." *Campbell* at ¶ 15,

citing R.C. 2953.21(A)(1); *Calhoun* at 282-83. "A trial court has a statutorily imposed duty to ensure that the defendant meets this burden." *State v. Jones*, 16AP-803, 2017-Ohio-5529, ¶ 7, citing R.C. 2953.21(D); *State v. Cole*, 2 Ohio St.3d 112, 113 (1982). "A trial court may deny a defendant's petition for postconviction relief without an evidentiary hearing where the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Id.*, citing *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9, citing *Calhoun* at paragraph two of the syllabus. " 'A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review.' " *State v. Hill*, 10th Dist. No. 21AP-16, 2021-Ohio-3899, ¶ 15, quoting *State v. Blanton*, 4th Dist. No. 19CA096, 2020-Ohio-7018, ¶ 10.

{¶ 11} A trial court may also dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *Campbell* at ¶ 16, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. " 'Res judicata is applicable in all postconviction relief proceedings.' " *Id.*, quoting *Szefcyk* at 95. "Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *Id.*, citing *Szefcyk* at syllabus. "In order to avoid dismissal of the petition under the doctrine of res judicata, the evidence supporting the claims must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial." *State v. Wright*, 10th Dist. No. 08AP-1095, 2009-Ohio-4651, ¶ 11, citing *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus.

{¶ 12} We have previously specifically found that "the doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal." *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 6, citing *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 22. "To overcome the res judicata bar, the defendant must offer competent, relevant and material evidence, outside the trial court record, to demonstrate that the defendant could not have appealed the constitutional claim based upon information in the original trial record." *Id.*, citing *State v. Young*, 10th Dist. No.

05AP-641, 2006-Ohio-1165, ¶ 20; *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27. "The evidence offered in support must 'advance the petitioner's claim beyond a mere hypothesis.' " *State v. Murphy*, 10th Dist. No. 15AP-460, 2015-Ohio-4282, ¶ 16, quoting *State v. Lawson*, 10th Dist. No. 02AP-148, 2002-Ohio-3329, ¶ 15. "Additionally, the petitioner must not rely on evidence that was in existence or available for use at the time of trial and that the petitioner should have submitted at trial if he wished to make use of it." *Id.*, citing *Lawson* at ¶ 15.

{¶ 13} In appellant's November 19, 2020 petition filed in the trial court, appellant argued his trial counsel was ineffective for failing to file a motion to suppress the evidence obtained as a result of the warrantless search of the premises located at 2430 Performance Way and the two searches of 3410 East 5th Avenue made pursuant to warrant. Appellant's postconviction petition did not include any evidence outside the trial court record–such as affidavits or other exhibits–in support of it. Furthermore, the evidence pertaining to the claim he is making would be contained in the original trial record. As noted above, appellant did not file a direct appeal. To the extent his arguments in support of his claim are based on the trial court record, res judicata operates to bar those arguments. *McBride* at ¶ 7, citing *State v. Dixon*, 10th Dist. No. 03AP-564, 2004-Ohio-3374, ¶ 12 (finding res judicata bars consideration of an ineffective assistance of counsel claim that could have been raised on direct appeal).

{¶ 14} Nor is appellant's submission of his own affidavit in support of his claim of ineffective assistance for the first time on appeal of any aid to him. First, although appellant now asserts he instructed his trial counsel "to file a timely notice of appeal and counsel failed to do so" (Appellant's Brief at 3.), appellant did not raise this issue before the trial court. It is well-settled that we will not consider an argument raised for the first time on appeal. (Citations omitted.) *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156 ¶ 7. *See also Deutsche Bank Natl. Trust Co. v. Stone*, 10th Dist. No. 20AP-94, 2021-Ohio-3007, ¶ 12 (" 'Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal.' "), quoting *Bell v. Teasley*, 10th Dist. No. 10AP-850, 2011-Ohio-2744, ¶ 15.

{¶ 15} Moreover, we may not consider appellant's affidavit in any event because it was not presented to the trial court and thus is not part of the trial court record. Case law is clear that "the scope of our review on appeal is confined to matters within the record

transmitted from the trial court." *Bank of N.Y. v. Barclay*, 10th Dist. No. 03AP-844, 2004-Ohio-1217, ¶ 9, citing App.R. 12(A) and 9; *Lamar v. Marbury*, 69 Ohio St.2d 274 (1982). "This court accordingly can take no notice of facts or circumstances brought to our attention by means of affidavits or other evidence not appearing in the record and before the trial court at the time it rendered its judgment." *Id.*

{¶ 16} Therefore, based on the foregoing discussion, we conclude res judicata bars the consideration of appellant's claim for ineffective assistance of counsel, and we need not and do not address the merits of appellant's claim. *See Capital Care Network of Toledo v. Ohio Dept. of Health*, 153 Ohio St.3d 362, 2018-Ohio-440, ¶ 31, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in judgment) (recognizing "the cardinal principle of judicial restraint - - if it is not necessary to decide more, it is necessary not to decide more."). Because res judicata bars appellant's petition for postconviction relief, the trial court did not err in denying appellant's petition on that basis.

{¶ 17} Nor did the trial court err in finding that, in the alternative, res judicata likewise bars appellant's motion to withdraw his guilty plea pursuant to Crim.R. 32.1. "It is well-established that res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal." *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 13; *State v. Taylor*, 10th Dist. No. 19AP-795, 2020-Ohio-4581, ¶ 12 ("[t]his court has consistently applied res judicata to bar a defendant from raising issues in a post-sentence Crim.R. 32.1 motion that were or could have been raised on direct appeal"), citing *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880, ¶ 14, citing *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 11.

{¶ 18} Accordingly, based on the foregoing reasons, we overrule appellant's sole assignment of error. Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

_____