OPINION
{¶ 1} Defendant-appellant, Michael Lee Gordon ("appellant"), appeals from the decision of the Franklin County Court of Common Pleas, which denied various motions.
 {¶ 2} In State v. Gordon, Franklin App. No 03AP-281, 2004-Ohio-2644, this court affirmed appellant's convictions for felonious assault, involuntary manslaughter, and kidnapping, each with specifications, in violation of R.C. 2903.04, 2903.11, and 2905.01. In State v. Gordon (May 5, 2005), Franklin App. No. 03AP-281 (Memorandum Decision), this court denied appellant's application for reopening based on a claim of ineffective assistance of appellate counsel, and in State v. Gordon
(July 25, 2006), Franklin App. *Page 2 
No. 06AP-436 (Memorandum Decision), this court affirmed the trial court's judgment denying appellant's September 3, 2004 petition for post-conviction relief.
 {¶ 3} Appellant subsequently filed several motions relative to his convictions: (1) a petition filed on March 28, 2008, in which appellant sought to have his sentence vacated or set aside; (2) a motion filed on April 2, 2008, which challenged the trial court's jurisdiction on the basis that the state failed to prosecute appellant within the applicable statute of limitations; (3) a motion filed on April 10, 2008, which requested the appointment of counsel and a private investigator for the purposes of post-conviction relief; and (4) a third petition filed on April 10, 2008, in which appellant sought, again, to have his sentence vacated or set aside. The trial court denied all four motions.
 {¶ 4} Appellant appeals, assigning the following assignments of error:
 1.) The Trial Court violated Appellant's rights under the United States Constitution and the Ohio Constitution by denying Appellant's post conviction motion for reversal in his conviction and sentence based on "newly discovered evidence."
 2.) The Trial Court violated Appellant's rights under the United States Constitution and the Ohio Constitution by denying Appellant's request for an "Evidentiary Hearing" based on his claims of "newly discovered evidence."
 {¶ 5} We shall consider appellant's assignments of error together. Appellant's right to post-conviction relief arises from R.C. 2953.21(A)(1)(a), which provides:
 Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other *Page 3 
appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 6} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. It is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Appellant does not have a constitutional right of post-conviction review. Rather, post-conviction relief is a narrow remedy that affords appellant no rights beyond those granted by statute.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction petition does not provide appellant a second opportunity to litigate his conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321.
 {¶ 7} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. Calhoun, at 282. The trial court "shall determine whether there are substantive grounds for relief" before granting a hearing on a post-conviction petition. R.C. 2953.21(C). Pursuant to R.C. 2953.21(C), a trial court properly denies a post-conviction petition without an evidentiary hearing if the petition, supporting documents, and court record "do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, at 291.
 {¶ 8} A trial court may also dismiss a petition for post-conviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk
(1996), 77 Ohio St.3d 93. "Res judicata is applicable in all postconviction relief proceedings." Id. at 95. Under the doctrine of res judicata, a *Page 4 
defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id., syllabus;State v. Reynolds (1997), 79 Ohio St.3d 158, 161. For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of the trial. State v. Cole (1982), 2 Ohio St.3d 112, syllabus;State v. Lawson (1995), 103 Ohio App.3d 307, 315.
 {¶ 9} Applying these general principles here, we conclude, first, that res judicata bars appellant's claims. In his motions, appellant raises issues he either did litigate previously or could have litigated previously.
 {¶ 10} Second, appellant's petition was untimely. Under R.C. 2953.21(A)(2), a petition is due within 180 days after the time the transcripts were filed in a direct appeal. Transcripts were filed in appellant's appeal in 2003. Therefore, appellant's motions, which were filed in 2008, were well outside the 180-day time frame.
 {¶ 11} Third, R.C. 2953.23(A) precludes a trial court from considering successive post-conviction petitions unless R.C. 2953.23(A)(1) or (2) applies, as follows:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. *Page 5 
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * * and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *.
Appellant has not met these conditions, and, therefore, R.C. 2953.23(A) bars his successive petitions.
 {¶ 12} Fourth, to the extent appellant contends he should have been granted counsel for purposes of his petition for post-conviction relief, an indigent defendant has no state or federal constitutional right to appointment of counsel in post-conviction proceedings. State v.Chubb, Franklin App. No. 08AP-232, 2008-Ohio-4549, at ¶ 12 (citations omitted). Similarly, appellant is not entitled to be appointed a private investigator, as R.C. 2953.21 does not provide for discovery. See, e.g.,State v. Mitts (Sept. 28, 2000), Cuyahoga App. No. 76963 ("A petitioner is not entitled to discovery to assist him in establishing substantive grounds for relief."); State v. La Mar (Mar. 17, 2000), Lawrence App. No. 98 CA 23; State v. Williams (Nov. 17, 1999), Summit App. No. 19437.
 {¶ 13} And, lastly, with respect to appellant's argument that the trial court lacked jurisdiction due to the state's failure to prosecute him within the applicable statute of limitations, we first note that, in Ohio, there is no statute of limitations for murder. And, as *Page 6 
it relates to the remaining crimes for which appellant was convicted, a review of the record discloses that all were within the statute of limitations set forth in R.C. 2903.02.
 {¶ 14} For all these reasons, we overrule both of appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER and TYACK, JJ., concur. *Page 1