[Cite as *State v. C.W.*, 2023-Ohio-4393.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                             :

      Plaintiff-Appellee,              :
                                              No. 22AP-598
v.                                                        :      (C.P.C. No. 14CR-6301)

[C.W.],                                                   :      (REGULAR CALENDAR)

      Defendant-Appellant.            :

---

D E C I S I O N

Rendered on December 5, 2023

---

**On brief:** *Dave Yost*, Attorney General, *Kara Keating*, and *Andrea K. Boyd*, for appellee.

**On brief:** *C.W.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1}  Defendant-appellant, C.W., appeals from a judgment of the Franklin County Court of Common Pleas denying both his R.C. 2953.21 petition to vacate or set aside the judgment of conviction and his delayed motion for leave to file a motion for new trial.

## I. Facts and Procedural History

{¶ 2}  The facts and procedural history leading to appellant's convictions and sentence are detailed in this court's decision on his direct appeal, *State v. C.W.*, 10th Dist. No. 15AP-1024, 2018-Ohio-1479.  As relevant here, on November 7, 2014, a Franklin County Grand Jury filed an indictment consisting of 54 counts that charged appellant with rape, gross sexual imposition, sexual battery, and pandering sexually oriented matter involving a minor.  Following a jury trial held in October 2015, appellant was acquitted on the pandering charge but convicted on all other charges. The trial court in that case

sentenced appellant to an aggregate 4 consecutive life sentences to be served consecutively with a term of 105 years in prison. Appellant filed a direct appeal in this court. The trial transcripts and other relevant exhibits were filed in this court on July 11, 2016. On June 27, 2017, appellant filed in the trial court a motion to vacate or set aside judgment of conviction or sentence in which he argued his trial counsel was "very ineffective" due to a decline in his mental faculties appellant attributed to Alzheimer's disease. (Mot. to Vacate at 2.) On April 17, 2018, we affirmed appellant's conviction and sentence. *See C.W.* at ¶ 88. On August 15, 2018, the Supreme Court of Ohio declined to accept jurisdiction over the appeal.

{¶ 3} On July 13, 2018, appellant filed an App.R. 26(B) application in this court seeking to reopen his appeal. In his application to reopen, appellant contended his appellate attorney for his direct appeal rendered ineffective assistance of counsel by failing to raise the issue of his trial counsel's purported deficiencies due to mental illness. This court found the record did not support appellant's claims that his trial counsel performed deficiently or even that trial counsel was suffering from a mental illness at the time. *See State v. C.W.*, 10th Dist. No. 15AP-1024 (Mar. 12, 2019) (memorandum decision). Because appellant failed to establish a valid claim for ineffective assistance of trial or appellate counsel, this court denied his application to reopen his appeal. On June 12, 2019, the Supreme Court again declined to accept jurisdiction over the appeal.

{¶ 4} On August 15, 2019, appellant filed a habeas corpus petition in federal district court. [*C.W.*] *v. Haviland*, S.D.Ohio No. 2:19-CV-3549 (Feb. 3, 2020). Among other claims, appellant asserted "he was denied the effective assistance of trial counsel because his attorney failed to object to prior bad acts evidence," "failed to request limiting instructions, and failed to object to improper language used in verdict forms." *Id.* Upon a detailed analysis of each claim of ineffective assistance of trial counsel, the federal district court found appellant's allegations lacked merit. *Id.* The court dismissed the petition and declined to issue a certificate of appealability. [*C.W.*] *v. Warden, Allen Corr. Inst.*, S.D.Ohio No. 2:19-CV-3549 (Dec. 16, 2020). Appellant appealed, but the federal circuit court concurred in denying appellant a certificate of appealability on his claims of ineffective assistance of counsel. [*C.W.*] *v. Sheldon*, 6th Cir. No. 21-3025 (Aug. 9, 2021). The Supreme Court of the United States thereafter denied a petition for a writ of certiorari. [*C.W.*] *v. Sheldon*, ____ U.S. ____, 142 S.Ct. 2844 (2022).

{¶ 5} On December 18, 2019, appellant filed a delayed motion for leave to file a motion for new trial and a petition for postconviction relief. Appellant asserted his trial counsel's Alzheimer's diagnosis "could not have been discovered and presented with reasonable diligence" prior to the present filings. (Mot. to Vacate at 3.) He posited that during the time period of his criminal trial, his trial counsel "exhibited questionable behavior and mannerisms" that caused appellant "to question whether or not [his trial counsel] had a mental or medical circumstance that was/would hinder his abilities to represent [appellant] effectively." (Mot. to Vacate at 2.) Appellant further claimed a man named Delbert Shaw attempted to visit appellant's trial counsel following appellant's conviction, but was informed he had "rescinded his license and was no longer practicing law and suffering from Alzheimer's." (Mot. to Vacate at 2.) Appellant's trial counsel passed away on February 13, 2019, and appellant later procured the death certificate that indicated his trial counsel had suffered from dementia.

{¶ 6} The trial court filed its decision and entry on August 29, 2022. The trial court found the motion and petition untimely, thereby depriving it of jurisdiction. On the merits, the trial court found appellant's motion for leave to file a motion for new trial and the petition for postconviction relief barred by res judicata. Accordingly, the trial court dismissed the case.

{¶ 7} Appellant timely appeals.

## II. Assignment of Error

{¶ 8} Appellant presents the following sole assignment of error for our review:

> The trial court abused its discretion when it denied, based upon *res judicata*, appellant's Delayed Motion for Leave to File a Motion for New Trial and Post-Conviction Relief and Motion for New Trial based on Newly Discovered Evidence and/or Post-Conviction Relief pursuant to Crim.R. 33 and/or §§2953.21 and 2953.23 of the Ohio Revised Code, and further erred in not finding trial counsel's medical condition rendered him incompetent depriving appellant of his constitutional right to effective assistance of counsel guaranteed by the Sixth Amendment of the U.S. Constitution and Article I §10 of the Ohio Constitution.

## III. Analysis

### A. Petition for Postconviction Relief

{¶ 9} Appellant asserts the trial court abused its discretion in denying his petition for postconviction relief.

{¶ 10} A petition for postconviction relief allows a convicted defendant to assert "a denial or infringement of constitutional rights sufficient to render his conviction void or voidable" by filing "a petition asking the court that imposed sentence to vacate the judgment or sentence or to grant other relief." *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 37. "R.C. 2953.21 provides for a postconviction relief process that is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *State v. Villareal*, 10th Dist. No. 21AP-588, 2022-Ohio-1473, ¶ 9, citing *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 17. A petition for postconviction relief allows the petitioner to "present constitutional issues that would otherwise be unreviewable on direct appeal because the evidence supporting those issues is not included in the record of the petitioner's criminal conviction." *Id.*, citing *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15. "A postconviction relief petition does not provide the petitioner a second opportunity to litigate his or her conviction." *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 23. Under Ohio law, a petition for postconviction relief "shall be filed no later than [365] days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2)(a).

{¶ 11} A trial court may "dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata." *Villareal* at ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 16. Res judicata prevents "a defendant who was represented by counsel * * * from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *Id.*, quoting *Campbell* at ¶ 16. "Specifically, the doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal." *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 6, citing *Davis* at ¶ 22.

{¶ 12} We review a trial court's decision to grant or deny a petition for postconviction relief for an abuse of discretion. *Hatton* at ¶ 38, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51-52, 58. "An abuse of discretion occurs when a trial court's discretionary judgment is unreasonable, arbitrary, or unconscionable." *Williams v. Am. Homes 4 Rent Mgt. Holdings, Inc.*, 10th Dist. No. 18AP-627, 2019-Ohio-3740, ¶ 27, citing *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12, and *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23.

{¶ 13} In this case, appellant filed his trial transcripts with this court on his direct appeal on July 11, 2016, and filed the present petition for postconviction relief on June 27, 2017. Although appellant seemingly included his petition for postconviction relief in his delayed motion for leave, in reality he initially filed his petition with the trial court on June 27, 2017. Thus, pursuant to the 365-day deadline established by R.C. 2953.21(A)(2)(a), appellant's petition was timely.

{¶ 14} We next examine whether the doctrine of res judicata bars appellant's postconviction petition. If appellant had an opportunity to raise, or did in fact raise, the issue of ineffective assistance of counsel on direct appeal while he was represented by counsel, res judicata bars a petition for postconviction relief on the same issue. *Villareal* at ¶ 11. Appellant has repeatedly raised the present issue. On direct appeal from his convictions and while represented by appellate counsel, appellant argued he "was deprived of his constitutional right to the effective assistance of counsel." *C.W.* at ¶ 24. Appellant alleged "his trial counsel was ineffective in failing to object to the physical abuse evidence, failing to request a limiting instruction for each witness that testified to the physical abuse, and in failing to request a final jury instruction regarding the physical abuse evidence." *Id.* at ¶ 52. We scrutinized these claims and concluded they all lacked merit. *Id.* at ¶ 50-68. Then, proceeding without counsel, appellant filed an App.R. 26(B) application to reopen his appeal in which he argued his appellate counsel failed to raise the mental illness of his trial counsel because such information apparently became known only after filing the direct appeal. *See C.W.* (memorandum decision). Appellant claimed his trial counsel quit the practice of law due to Alzheimer's disease, and that the disease "played a big part in trial counsel's inability to try this case." *See C.W.* (memorandum decision) at ¶ 10. We denied the application to reopen the appeal, finding "[t]he record fails to demonstrate deficient

performance" by appellant's trial counsel. *See C.W.* (memorandum decision) at ¶ 14. We also found "the record fails to demonstrate" that trial counsel "was suffering from a mental illness or * * * performed deficiently at trial." *See C.W.* (memorandum decision) at ¶ 16. In appellant's subsequent habeas corpus petition in federal court, the federal district court quoted extensively from this court's memorandum decision denying appellant's application to reopen, resolving appellant "lacks any potentially meritorious claim of ineffective assistance of counsel." *Haviland.* Appellant then appealed to the federal circuit court, which cited this court's decision on appellant's direct appeal and determined appellant's "claims of ineffective assistance of counsel do not deserve encouragement to proceed further." *Sheldon.* Appellant thus has already presented his claims of ineffective assistance of counsel, and in at least one instance he was represented by counsel. This court twice, the United States District Court for the Southern District of Ohio, and the United States Court of Appeals for the Sixth Circuit all carefully considered and rejected appellant's claims of ineffective assistance of trial counsel. Res judicata bars appellant from once again raising this issue.

{¶ 15} To prevent dismissal on the basis of res judicata, a petitioner seeking postconviction relief must present "competent, relevant, and material evidence outside the trial court record" that did not exist or was unavailable for use at the time of trial. *Villareal* at ¶ 11, quoting *State v. Wright*, 10th Dist. No. 08AP-1095, 2009-Ohio-4651, ¶ 11. Here, appellant did not present any such material evidence. A court determines whether trial counsel provided ineffective assistance by examining that attorney's conduct at trial; it does not identify specific medical diagnoses and speculate how certain symptoms may have affected the attorney. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("[T]he defendant must show that counsel's *performance* was deficient."). (Emphasis added.) For that reason, the fact that appellant eventually learned his trial counsel suffered from Alzheimer's disease does not supplant the decisions of multiple courts on multiple occasions that closely examined the trial record yet found no ineffective assistance of counsel. Thus, the trial court in the present case did not abuse its discretion in finding appellant's claim barred by res judicata.

{¶ 16} Accordingly, appellant's assignment of error is overruled as it pertains to the petition for postconviction relief.

### B. Delayed Motion for Leave to File a Motion for New Trial

{¶ 17} Appellant also contends the trial court abused its discretion in denying his delayed motion for leave to file a motion for new trial.

{¶ 18} On the motion of a convicted defendant, a court may grant a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). Following a jury trial, "[m]otions for new trial on account of newly discovered evidence shall be filed within [120] days after the day upon which the verdict was rendered." Crim.R. 33(B). A defendant may still file a motion for new trial beyond the 120-day deadline if it is shown "by clear and convincing proof" the defendant "was unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B). "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal quotations omitted.) *State v. Cashin*, 10th Dist. No. 17AP-338, 2017-Ohio-9289, ¶ 18, quoting *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990), and *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *Hatton* at ¶ 30, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 41.

{¶ 19} Thus, "[t]he sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.* "A defendant is unavoidably prevented from discovering new evidence if he 'had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial.'" *State v. Sevilla*, 10th Dist. No. 22AP-764, 2023-Ohio-1726, ¶ 9, quoting *State v. Lundy*, 10th Dist. No. 19AP-505, 2020-Ohio-1585, ¶ 11. A defendant must exercise reasonable diligence to discover the alleged new evidence. *Id.* at ¶ 12, citing *Cashin* at ¶ 16. " '[A] defendant cannot demonstrate that he was unavoidably

prevented from discovering new evidence when he could have discovered that evidence earlier had he exercised reasonable diligence and effort.' " *Id.*, quoting *Cashin* at ¶ 16. A defendant shall "describe all investigative actions undertaken within the 120-day period for timely filing a Crim.R. 33(A)(6) motion and explain why he was unavoidably prevented from discovering the evidence before the 120-day period elapsed." *Cashin* at ¶ 17, citing *State v. Whiteside*, 10th Dist. No. 15AP-55, 2015-Ohio-3490, ¶ 19; *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 25; *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 19; *State v. West*, 10th Dist. No. 09AP-474, 2009-Ohio-5203, ¶ 13; and *State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 10-11. A defendant cannot offer "[m]ere conclusory allegations" to support the claim that the new evidence could not have been discovered within the requisite 120 days. *Id.*

{¶ 20} We employ an abuse of discretion standard to review a trial court's ruling on a motion for leave to file a motion for new trial. *Hatton* at ¶ 29.

{¶ 21} The jury in appellant's trial rendered its verdicts over two days, October 15 and 16, 2015, and appellant filed his delayed motion for leave on December 18, 2019. This greatly exceeds the 120 days allowed by Crim.R. 33(B), rendering the filing untimely and requiring appellant to show, by clear and convincing proof, he was unavoidably prevented from discovering the evidence on which he seeks to base his motion for new trial. *Hatton* at ¶ 30. Appellant explained that during the trial, his counsel "exhibited questionable behavior and mannerisms" that led appellant to "question whether or not [his trial counsel] had a mental or medical circumstance that * * * hinder[ed] his abilities to represent [appellant] effectively." (Mot. to Vacate at 2.) Furthermore, appellant noted neither his trial counsel nor his counsel's associates "ever informed [appellant] of [his counsel's] illness until [appellant] had been adjudicated guilty. And then it was merely speculation." (Mot. to Vacate at 2.) Appellant admitted he learned of his counsel's dementia only after Shaw went to visit the law office and discovered appellant's trial counsel had retired due to Alzheimer's disease. Appellant claimed he "could not have acquired any formal notation or medical information on [his trial counsel] regarding his medical condition prior to what's presented, and neither was [sic] his former law practice associates or family forthcoming on the issue." (Mot. to Vacate at 2.) Appellant then claimed he could not confirm the diagnosis until the publication of his trial counsel's obituary on April 6, 2019. Thereafter,

appellant acquired his trial counsel's death certificate on April 20, 2019, confirming the dementia diagnosis. (Mot. to Vacate at 2.)

{¶ 22} By appellant's own account, around the time of his trial in October 2015, he suspected his trial counsel was experiencing mental acuity issues and yet took no "investigative actions" until April 2019, when he procured the death certificate. *See Cashin* at ¶ 17. Appellant failed to present any attempt on his part to uncover the cause of his trial counsel's purported shortcomings within the crucial 120-day period after appellant's verdicts. Having made no effort to discover the evidence he now seeks to employ in his motion for new trial, appellant failed to show by clear and convincing evidence that he was unavoidably prevented from discovering such evidence. Thus, due to appellant's untimely filing and inability to meet the exception to the 120-day deadline of Crim.R. 33(B), the trial court did not abuse its discretion in denying appellant's motion for leave.

{¶ 23} Accordingly, appellant's assignment of error is overruled as it relates to the delayed motion for leave to file a motion for new trial. Because the trial court did not err in dismissing either the petition for postconviction relief or the motion for leave to file a motion for new trial, allegations in the assignment of error concerning the merits of appellant's filings are moot and likewise overruled.

## IV. Conclusion

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J., and JAMISON, J., concur.

———————————