[Cite as *State v. Gordon*, 2025-Ohio-1237.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-552 |
| | | (C.P.C. No. 01CR-3612) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Michael L. Gordon, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 8, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Michael L. Gordon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Defendant-appellant, Michael L. Gordon, appeals the judgment entry of the Franklin County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Gordon was indicted for multiple felonies stemming from a homicide. A jury trial commenced on July 8, 2002, but a mistrial was declared on July 24, 2002. A second trial commenced on February 19, 2003, and Gordon was convicted of one count of felonious assault, one count of kidnapping, and two counts of involuntary manslaughter. Gordon was sentenced to an aggregate term of 28 years in prison.

{¶ 3} Gordon filed a direct appeal asserting constitutional challenges and insufficient evidence. The transcript was filed on May 7, 2003. On May 24, 2004, this court

affirmed the conviction in *State v. Gordon*, 2004-Ohio-2644 (10th Dist.).  Gordon filed his first petition for postconviction relief on July 6, 2004, and has filed several successive petitions and multiple motions seeking relief over the years.  None have been successful.

{¶ 4}  On July 22, 2024, Gordon filed the instant petition for postconviction relief. On August 7, 2024, the trial court denied the petition, finding it was untimely, barred by res judicata, and lacked evidentiary support.  Gordon brings the instant appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 5}  Gordon assigns the following as trial court errors:

[1.]  The time limits and restrictions imposed (i.e. formerly 180-days) to file for a post-conviction relief motion pursuant to R.C. 2953.21 was unconstitutional and unavoidably prevented defendant from discovering the facts necessary to file a claim of ineffective assistance of appellate counsel on direct appeal for the denial, refusal, and failure to raise a meritorious claim of a "conflict of interest" between defendant and court appointed defense counsel . . . and newly enlisted defense counsel.

[2.]  The time limits and restrictions imposed (i.e. formerly 180-days) to file for a post-conviction relief motion pursuant to R.C. 2953.21 was unconstitutional and unavoidably prevented defendant from discovering the facts necessary to file a claim of ineffective assistance of appellate counsel on direct appeal for the denial, refusal, and failure to raise a meritorious claim of a denial of defendant's constitutional right to be present at trial both from the confrontation clause of the Sixth Amendment and the Due Process clause of the Fifth Amendment.

[3.]  The defendant hereby maintains that this issue is based upon "newly discovered evidence," wherein the State of Ohio did breach the terms of a "proffer letter agreement" by using defendant's statements and other information provided by him to the Grand Jury to seek and obtain the indictment.

[4.]  The defendant hereby maintains that this issue is based upon "newly discovered evidence," wherein, the government did breach an agreement and a promise by the Assistant United States Attorney's office, for the Northern District of Georgia to recommend the reduction of defendant's State of Ohio sentence in the above case to "time served," in exchange

> for defendant's cooperation, testimony, and substantial
> assistance in a capital punishment death penalty case.

(Sic passim.) (Capitalization normalized.) (Emphasis deleted.)

## III. STANDARD OF REVIEW

{¶ 6} We review a decision to grant or deny a petition for postconviction relief, including the decision whether to afford the petitioner a hearing, under an abuse-of-discretion standard. *State v. Boddie*, 2013-Ohio-3925 (10th Dist.). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7} However, whether a trial court has jurisdiction to entertain an untimely and successive petition for postconviction relief is a question of law, which we review de novo. *State v. Kane*, 2017-Ohio-7838 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 8} The trial court denied Gordon's petition because of untimeliness and res judicata. Before we turn to Gordon's assignments of error, we must first consider whether the trial court was correct.

{¶ 9} The postconviction relief process is a civil attack of a criminal judgment, as opposed to an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279 (1999). A postconviction relief petition " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *State v. Sidibeh*, 2013-Ohio-2309, ¶ 8 (10th Dist.), quoting *State v. Murphy*, 2000 Ohio App. LEXIS 6129, *5 (10th Dist. Dec. 26, 2000). The petitioner bears the burden of producing evidence of a "cognizable claim of constitutional error." *State v. Harris*, 2008-Ohio-2837, ¶ 7 (10th Dist.).

{¶ 10} Postconviction review is not a constitutional right, and a petitioner is not entitled to an automatic hearing. *State v. Heiney*, 2020-Ohio-2761 (6th Dist.). The trial court must review the entirety of the record to determine if the petition contains sufficient operative facts to establish substantive grounds for relief. *State v. Davenport*, 2018-Ohio-3949 (10th Dist.). If the record reflects that the petitioner is not entitled to relief, then the trial court must dismiss the petition without a hearing. R.C. 2953.21(D). Substantive grounds for relief exist and a hearing is warranted only if sufficient credible evidence is

produced that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights. *State v. Bunch*, 2022-Ohio-4723.

{¶ 11} In addition to substantive limitations, a petition must meet statutory timelines. The version of R.C. 2953.21(A)(2) in effect in 2003 set the deadline to file a postconviction petition at 180 days from the date of filing the transcript in a direct appeal. The current version requires a petition be filed no later than 365 days after the date the transcript was filed in a direct appeal. R.C. 2953.21(A)(2).

{¶ 12} A second or successive petition filed after the deadline bars postconviction relief with limited exceptions. *State v. Johnson*, 2024-Ohio-134. An untimely petition is only allowed if a petitioner first demonstrates that (1) he was unavoidably prevented from discovering facts required for a claim for relief or (2) the United States Supreme Court has recognized a new right that retroactively applies to the petitioner. R.C. 2953.23(A)(1)(a). If a petitioner can demonstrate either condition, he must then establish that, but for the constitutional error, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 13} The deadline for Gordon to file a postconviction petition was November 7, 2003. The instant petition was filed in the trial court on July 22, 2024, well in excess of the 180-day period. Gordon's petition was both untimely and successive. *State v. Apanovitch*, 2018-Ohio-4744.

{¶ 14} The trial court noted that Gordon does not identify any new facts that support his petition, but simply repackaged the same facts and repeated arguments that have been rejected in prior filings. The petition is not supported by affidavits of other documentary evidence to support a claim for relief.

{¶ 15} Gordon does not assert that a new federal or state right that applies retroactively to his situation has been recognized by the United States Supreme Court. The only path to postconviction relief is through a showing that he was (1) unavoidably prevented from discovering facts that would demonstrate his claim for relief, and (2) that, but for a constitutional error, no reasonable factfinder would have found him guilty.

{¶ 16} Gordon has nothing to offer regarding any obstacles to discovering facts necessary to present a claim for relief. He asserts that the R.C. 2953.21 time restrictions were unconstitutional and unavoidably prevented the discovery of sufficient facts, but

conclusionary statements alone are no help. *State v. Barnes*, 1977 Ohio App. LEXIS 8950 (10th Dist. June 16, 1977). There is no evidentiary basis to conclude that Gordon was prevented from discovering any of the information referenced, especially since the information was available decades earlier. Gordon offered no justification for the untimely filing, and therefore is unable to show that he was unavoidably prevented from discovering sufficient facts to support his claims. R.C. 2953.23(A)(1)(a). There is no excuse for the delay in seeking relief.

{¶ 17} Regarding R.C. 2953.23(A)(1)(b), Gordon did not show by clear and convincing evidence that, but for the alleged constitutional errors during his trial, no reasonable factfinder would have found him guilty of any of the charges. The trial court concluded that Gordon did not satisfy the R.C. 2953.23(A) requirements for untimely filing.

{¶ 18} A trial court may also dismiss a petition for postconviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Gordon*, 2024-Ohio-530 (10th Dist.). Under the doctrine of res judicata, a criminal conviction precludes a defendant from raising and litigating in any proceeding other than an appeal from that conviction, any defense or due process issue that was raised or could have been raised at trial or on appeal. *State v. Goodrich*, 2024-Ohio-5336 (10th Dist.).

{¶ 19} Gordon's claims that a proffer letter was breached, a conflict of interest between his attorneys, participation in sidebar conferences, and an alleged promise for a sentence reduction, were based on information available for use at the time of the trial. Because the claims could have been raised either at trial or on direct appeal, and there is no newly discovered competent evidence outside of the trial court record, the claims are barred by res judicata. *State v. Villareal*, 2022-Ohio-1473 (10th Dist.). In addition, the same claims were raised in earlier postconviction petitions and summarily denied by the trial court. *State v. Timm*, 2024-Ohio-2929 (5th Dist.).

{¶ 20} Because Gordon failed to demonstrate his entitlement to an exception that would allow the trial court to consider his untimely eighth postconviction relief petition, the trial court did not possess jurisdiction to entertain the petition, and did not err in dismissing Gordon's petition without a hearing. *State v. Burke*, 2002-Ohio-6840 (10th Dist.). Moreover, assuming the trial court possessed jurisdiction, Gordon's arguments are barred by res judicata. *State v. C.W.*, 2023-Ohio-4393 (10th Dist.).

{¶ 21} For the reasons above, Gordon's four assignments of error lack merit and are overruled.

## V. CONCLUSION

{¶ 22} Having overruled Gordon's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____