**[Cite as *State v. Gordon*, 2025-Ohio-2994.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-736 |
| v. | : | (C.P.C. No. 01CR-3612) |
| Michael L. Gordon, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 21, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Paula M. Sawyers*, for appellee.

**On brief:** *Michael L. Gordon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Michael L. Gordon, appeals the November 4, 2024 decision of the Franklin County Court of Common Pleas denying his October 29, 2024 petition for postconviction relief. For the following reasons, we affirm the trial court's decision.

{¶ 2} As background, on February 21, 2003, a jury found Gordon guilty of two counts of involuntary manslaughter, one count of felonious assault, and one count of kidnapping, all with attached firearm specifications. He was subsequently sentenced to an aggregate term of 28 years of incarceration. He timely appealed and, on May 24, 2004, this court affirmed his convictions. *See State v. Gordon*, 2004-Ohio-2644 (10th Dist.).

{¶ 3}   Since then, Gordon has proceeded to file numerous petitions seeking postconviction relief as well as other various motions.  This court affirmed the trial court's judgments denying of many of these motions in *State v. Gordon*, 2009-Ohio-1330 (10th Dist.), and *State v. Gordon*, 2023-Ohio-2314 (10th Dist.).

{¶ 4}   Subsequent to this court's judgment in *Gordon*, 2023-Ohio-2314 (10th Dist.):

- On January 31, 2024, Gordon attempted to appeal the trial court's December 20, 2023 judgment denying various motions Gordon filed. On February 1, 2024, this court dismissed the appeal as untimely. *State v. Gordon*, No. 24AP-83 (10th Dist. Feb. 1, 2024) (journal entry).

- On March 19, 2024, Gordon filed a motion for delayed appeal of the trial court's December 20, 2023 judgment. On August 12, 2025, this court denied the motion for delayed appeal. *State v. Gordon*, 24AP-196 (10th Dist. Aug. 12, 2025) (journal entry).

- On June 23, 2024, Gordon filed a notice of appeal and request to file a delayed appeal of the trial court's April 9, 2024 judgment denying his February 13, 2024 motion for reconsideration. On December 19, 2024, this court denied the motion for delayed appeal of the April 9, 2024 trial court entry. *State v. Gordon*, No. 24AP-406 (10th Dist. Dec. 19, 2024) (judgment entry).

- On July 22, 2024, Gordon filed another petition for postconviction relief. On August 7, 2024, the trial court entered judgment denying the same. On April 8, 2025, this court affirmed the trial court's denial of the petition. *State v. Gordon*, 2025-Ohio-1237 (10th Dist.).

{¶ 5}   On October 29, 2024, Gordon filed another petition for postconviction relief. On November 4, 2024,[1] the trial court denied the petition, finding that the "petition is nearly identical to the petition he filed on July 22, 2024." The court noted that it had denied the July 22, 2024 petition on August 7, 2024 and, for the reasons stated in that judgment

---

[1] We note that subsequent to the trial court entering judgment on November 4, 2024, on November 5, 2024, appellant filed a "Reply to the State of Ohio's Memorandum Contra Defendant's Post-Conviction Motion Pursuant to R.C. 2953.21."  Also, on November 27, 2024, appellant filed "Additional Supplemental Memorandum in Support to the Post-Conviction Relief Motion pursuant to R.C. 2953.21 that was dated and sent to be filed on October 16, 2024."

entry, also denied the October 29, 2024 petition.  Gordon now appeals the trial court's November 4, 2024 judgment.

{¶ 6} The July 22, 2024 petition raised the following claims for postconviction relief:

> I. Claim of ineffective assistance of appellate counsel for failing to raise on direct appeal ineffective assistance of trial counsel for a conflict of interest between trial counsel, trial counsel's assistant, and defendant during trial[2];
>
> II. Claim of ineffective assistance of appellate counsel for failing to raise on direct appeal the trial court's error to deny defendant's right to be present at trial and attend side-bar conference[3];
>
> III. Claim of "newly discovered evidence" in the form of violations of a proffer letter agreement and use of defendant's statements and information to the grand jury and petit jury;
>
> IV. Request for a "Kastigar Taint" hearing for enforcement of a promise that defendant's sentence be reduced to time served because of defendant's cooperation and substantial assistance in a capital punishment death penalty case prosecuted in the federal court and requests for statements and information;
>
> V. Claims for minimal discovery and appointment of counsel because defendant was unavoidably prevented from discovering the facts necessary for the claims for relief due to the limited prior statutory timeframe of 180 days to file petition for postconviction relief and because appellate counsel was ineffective in not raising these issues and due to the court of appeals timing in briefing and deciding the direct appeal[4]; claim that 180 statutory timeframe is unconstitutional;

---

[2] Gordon added to his October 29, 2024 petition that during the trial, after the conflict of interest arose with trial counsel, he moved to proceed pro se and to fire all counsel involved and that this motion was denied.  He also added that on direct appeal he moved to file a supplement in addition to appellate counsel's brief to this court and that that motion was denied.

[3] In the context of his argument in support of his claim that he was denied opportunity to be present at trial and attend side bar conferences, Gordon also argues that he was subject to unprovoked security measures in the form of an electronic stun belt and shackles in violation of his constitutional rights.

[4] Regarding Gordon's argument that he was unavoidably prevented from filing a petition for postconviction relief due to the timing of the briefing and decision of the direct appeal, we note that R.C. 2953.21(D) states:

VI. For dismissal of all charges; a new trial with effective assistance of counsel; or clemency, commutation of sentence, pardon, parole, post-release control, shock probation, or reduction of sentence to time-served.

{¶ 7} Having carefully reviewed the July 22 and October 29, 2024 petitions, we agree with the trial court that the October 29, 2024 "petition is nearly identical to the petition he filed on July 22, 2024."[5]

---

The court shall consider a petition that is timely filed within the period specified in division (A)(2) of this section *even if a direct appeal of the judgment is pending*.

(Emphasis added.)

Furthermore, App.R. 6 states:

(A) Whenever a trial court and an appellate court are exercising concurrent jurisdiction to review a judgment of conviction, and the trial court files a written determination that grounds exist for granting a petition for post-conviction relief, the trial court shall notify the parties and the appellate court of that determination. On such notification, or pursuant to a party's motion in the court of appeals, the appellate court may remand the case to the trial court.

(B) When an appellate court reverses, vacates, or modifies a judgment of conviction on direct appeal, the trial court may dismiss a petition for post-conviction relief to the extent that it is moot. The petition shall be reinstated pursuant to motion if the appellate court's judgment on direct appeal is reversed, vacated, or modified in such a manner that the petition is no longer moot.

(C) Whenever a trial court's grant of post-conviction relief is reversed, vacated, or modified in such a manner that the direct appeal is no longer moot, the direct appeal shall be reinstated pursuant to statute. Upon knowledge that a statutory reinstatement of the appeal has occurred, the court of appeals shall enter an order journalizing the reinstatement and providing for resumption of the appellate process.

(D) Whenever a direct appeal is pending concurrently with a petition for post-conviction relief or a review of the petition in any court, each party shall include, in any brief, memorandum, or motion filed, a list of case numbers of all actions and appeals, and the court in which they are pending, regarding the same judgment of conviction.

Both R.C. 2953.21(D) and App.R. 6 provide for the scenario where a direct appeal is concurrently pending in a court of appeals while a postconviction relief petition is pending in a trial court.

[5] We note that the July 22, 2024 petition indicates that the proffer letter agreement was signed in the year 2000, whereas the October 29, 2024 petition indicates that the proffer letter agreement was signed in the year 1997. However, both petitions indicate that the proffer letter agreement was violated on June 22, 2001. Both petitions also refer to promises made in the year 2012.

{¶ 8} The trial court denied the July 22, 2024 petition on the grounds that it was an untimely, successive petition; res judicata; and lacks evidentiary support.

{¶ 9} In *Gordon*, 2025-Ohio-1237 (10th Dist.), this court affirmed the trial court's denial of the July 22, 2024 petition on the grounds that (1) it was an untimely successive petition and did not meet the criteria set forth in R.C. 2953.23(A), and (2) it was barred by the doctrine of res judicata. Regarding untimeliness, this court held:

> The deadline for Gordon to file a postconviction petition was November 7, 2003. The instant petition was filed in the trial court on July 22, 2024, well in excess of the 180-day period. Gordon's petition was both untimely and successive. *State v. Apanovitch*, 2018-Ohio-4744.
>
> The trial court noted that Gordon does not identify any new facts that support his petition, but simply repackaged the same facts and repeated arguments that have been rejected in prior filings. The petition is not supported by affidavits of other documentary evidence to support a claim for relief.
>
> Gordon does not assert that a new federal or state right that applies retroactively to his situation has been recognized by the United States Supreme Court. The only path to postconviction relief is through a showing that he was (1) unavoidably prevented from discovering facts that would demonstrate his claim for relief, and (2) that, but for a constitutional error, no reasonable factfinder would have found him guilty.
>
> Gordon has nothing to offer regarding any obstacles to discovering facts necessary to present a claim for relief. He asserts that the R.C. 2953.21 time restrictions were unconstitutional and unavoidably prevented the discovery of sufficient facts, but conclusionary statements alone are no help. *State v. Barnes*, 1977 Ohio App. LEXIS 8950 (10th Dist. June 16, 1977). There is no evidentiary basis to conclude that Gordon was prevented from discovering any of the information referenced, especially since the information was available decades earlier. Gordon offered no justification for the untimely filing, and therefore is unable to show that he was unavoidably prevented from discovering sufficient facts to support his claims. R.C. 2953.23(A)(1)(a). There is no excuse for the delay in seeking relief.
>
> Regarding R.C. 2953.23(A)(1)(b), Gordon did not show by clear and convincing evidence that, but for the alleged constitutional errors during his trial, no reasonable factfinder would have

found him guilty of any of the charges. The trial court concluded that Gordon did not satisfy the R.C. 2953.23(A) requirements for untimely filing.

*Gordon*, 2025-Ohio-1237, at ¶ 13-17 (10th Dist.).

{¶ 10} Regarding res judicata, this court held:

Gordon's claims that a proffer letter was breached, a conflict of interest between his attorneys, participation in sidebar conferences, and an alleged promise for a sentence reduction were based on information available for use at the time of the trial. Because the claims could have been raised either at trial or on direct appeal, and there is no newly discovered competent evidence outside of the trial court record, the claims are barred by res judicata. *State v. Villareal*, 2022-Ohio-1473 (10th Dist.). In addition, the same claims were raised in earlier postconviction petitions and summarily denied by the trial court. *State v. Timm*, 2024-Ohio-2929 (5th Dist.).

Because Gordon failed to demonstrate his entitlement to an exception that would allow the trial court to consider his untimely eighth postconviction relief petition, the trial court did not possess jurisdiction to entertain the petition, and did not err in dismissing Gordon's petition without a hearing. *State v. Burke*, 2002-Ohio-6840 (10th Dist.). Moreover, assuming the trial court possessed jurisdiction, Gordon's arguments are barred by res judicata. *State v. C.W.*, 2023-Ohio-4393 (10th Dist.).

*Gordon*, 2025-Ohio-1237, at ¶ 19-20 (10th Dist.).

{¶ 11} Because the petitions were nearly identical and the trial court's denial of the petition before us was expressly for the reasons stated in the August 7, 2024 judgment entry, we follow the holding of this court in *Gordon*, 2025-Ohio-1237 (10th Dist.), affirming the trial court's August 7, 2024 judgment. Accordingly, we affirm the trial court's November 4, 2024 judgment entry denying the October 29, 2024 petition for postconviction relief.

{¶ 12} Finally, we strike the application for reconsideration which Gordon filed in this case on April 22, 2025. No judgment entry has yet been filed in the case before us and therefore an application for reconsideration in this case is prematurely filed.

*Judgment affirmed;*
*application for reconsideration stricken.*

MENTEL and BOGGS, JJ., concur.

————————