[Cite as *State v. Gordon*, 2026-Ohio-1820.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-196 |
| v. | : | (C.P.C. No. 01CR-3612) |
| Michael L. Gordon, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 19, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Michael L. Gordon*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Michael L. Gordon, appeals the December 20, 2023[1] judgment of the Franklin County Court of Common Pleas denying his November 7 and December 7, 2023 petitions for postconviction relief. For the following reasons we affirm the trial court's decision.

---

[1] On August 12, 2025, this court denied Gordon's motion for leave to file a delayed appeal under App.R. 5(A) related to this judgment. We interpreted the motion filed by Gordon on November 7, 2023 as a successive petition for postconviction review under R.C. 2953.23(A) as he sought relief " 'based on "Newly Discovered Evidence." ' " *State v. Gordon,* 24AP-196, at ¶ 4 (10th Dist. Aug. 12, 2025) (memorandum decision), quoting Nov. 7, 2023 Mot. We then noted that App.R. 5(A) is not available in the appeal of a postconviction relief determination and denied Gordon's motion for leave to file a delayed appeal accordingly. However, we also noted that the docket of this case contained no notation of service by the clerk. Therefore, pursuant to Civ.R. 58(B), "the 30-day period for filing an appeal is currently tolled." *Id*. at ¶ 6. Finally, as Gordon had appealed with the filing of his motion, we instructed "the appeal shall proceed as filed under App.R. 4, and the clerk shall transmit the record within rule from the filing of the entry." *Id*.

## I. Facts and Procedural History

{¶ 2} After a mistrial was declared in Gordon's first jury trial, a second jury trial was held beginning February 11, 2003, and Gordon was convicted of one count of felonious assault, one count of kidnapping, and two counts of involuntary manslaughter. Gordon was sentenced to an aggregate term of 28 years in prison.

{¶ 3} Gordon filed a direct appeal asserting constitutional challenges and insufficient evidence. The transcript was filed on May 5, 2003. On May 24, 2004, this court affirmed the conviction in *State v. Gordon*, 2004-Ohio-2644 (10th Dist.). Gordon filed his first petition for postconviction relief on July 6, 2004, and has filed several successive petitions and multiple motions seeking relief over the years. None have been successful. This court affirmed the trial court's judgments denying many of these motions in *State v. Gordon*, 2009-Ohio-1330 (10th Dist.), *State v. Gordon*, 2023-Ohio-2314 (10th Dist.), *State v. Gordon*, 2025-Ohio-1237 (10th Dist.), and *State v. Gordon*, 2025-Ohio-2994 (10th Dist.).

{¶ 4} In the December 20, 2023 judgment, the trial court ruled on several motions filed by Gordon on November 7 and December 7, 2023. The court denied Gordon's request for appointed counsel, Gordon's request to modify sentence, Gordon's challenge to his federal case and his conviction and sentence in this case, and Gordon's request for grand jury transcripts. The court construed the requests as petitions for postconviction relief and noted that it lacked subject-matter jurisdiction over the same as Gordon "fail[ed] to satisfy the requirements under R.C. 2953.23(A)(1)(a)." (Dec. 20, 2023 Order Denying Def.'s Nov. 7, 2023 & Dec. 7, 2023 Mots. at 2.) The court also noted that the requests for an attorney, grand jury records, sealing of record, and sentence reduction are barred by res judicata.

## II. Assignment of Error

{¶ 5} Gordon has not set forth assignments of error as required by App.R. 16(A)(3); rather, he sets forth arguments and issues presented for review and summarizes those arguments in a table of contents as follows:

> The Defendant hereby maintains that this issue is based upon "Newly Discovered Evidence," wherein the state of Ohio did breach the terms of a "Proffer Letter Agreement" by using Defendant's statements and other information provided by him in the instant case to seek and obtain the conviction (and

this fact was recently admitted by the state of Ohio) in violation of the signed Proffer Letter Agreement that was agreed upon and signed that no direct nor indirect use of Defendant's statements and information will be used against the Defendant in any criminal prosecution (ie see Reply in court of common pleas).

The Defendant hereby maintains that this issue is based upon "Newly Discovered Evidence," wherein the Government did breach an agreement and a promise by the Assistant United States Attorneys office, for the Northern District of Georgia to recommend the reduction of Defendant's state of Ohio sentence in the above case to "time served"; in exchange for Defendant's cooperation, testimony and substantial assistance in a Capitol Punishment Death Penalty case (ie U.S.A. v. Brian Richardson, case no #1:08-CR-139 N.D. Georgia).

(Emphasis deleted.) (Sic passim.) (Appellant's Brief at i.)

{¶ 6} From these arguments and issues, we construe Gordon's single assignment of error to be:

The trial court erred when it found it lacked subject-matter jurisdiction to consider   the November 7, 2023 and December 7, 2023 petitions for postconviction relief on the grounds of lack of "newly discovered evidence."

## III. Discussion

{¶ 7} Whether a trial court has jurisdiction to entertain an untimely and successive petition for postconviction relief is a question of law, which we review de novo. *Gordon*, 2025-Ohio-1237, at ¶ 7 (10th Dist.), citing *State v. Kane*, 2017-Ohio-7838 (10th Dist.).

{¶ 8} The postconviction relief process is a civil attack of a criminal judgment, as opposed to an appeal of that judgment. *State v. Calhoun*, 1999-Ohio-102. A postconviction relief petition " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *State v. Sidibeh*, 2013-Ohio-2309, ¶ 8 (10th Dist.), quoting *State v. Murphy*, 2000 Ohio App. LEXIS 6129, *5 (10th Dist. Dec. 26, 2000). The petitioner bears the burden of producing evidence of a "cognizable claim of constitutional error." *State v. Harris*, 2008-Ohio-2837, ¶ 7 (10th Dist.).

{¶ 9}   A petition must meet statutory timelines.  The version of R.C. 2953.21(A)(2) in effect in 2003 set the deadline to file a postconviction petition at 180 days from the date of filing the transcript in a direct appeal.  The current version requires a petition be filed no later than 365 days after the date the transcript was filed in a direct appeal. R.C. 2953.21(A)(2)(a).

{¶ 10} A second or successive petition filed after the deadline bars postconviction relief with limited exceptions.  *State v. Johnson*, 2024-Ohio-134, ¶ 10.  An untimely petition is only allowed if a petitioner first demonstrates that (1) he was unavoidably prevented from discovering facts required for a claim for relief or (2) the United States Supreme Court has recognized a new right that retroactively applies to the petitioner. R.C. 2953.23(A)(1)(a).  If a petitioner can demonstrate either condition, he must then establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found him guilty.  R.C. 2953.23(A)(1)(b).

{¶ 11} Furthermore, a trial court may also dismiss a petition for postconviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition.  *State v. Gordon*, 2024-Ohio-530 (10th Dist.).  Under the doctrine of res judicata, a criminal conviction precludes a defendant from raising and litigating in any proceeding other than an appeal from that conviction, any defense or due process issue that was raised or could have been raised at trial or on appeal.  *State v. Goodrich*, 2024-Ohio-5336 (10th Dist.).

{¶ 12} The deadline for Gordon to file a postconviction petition was November 7, 2003.  The instant petition was filed in the trial court on July 22, 2024, well in excess of the 180-day period.  Gordon's petition was both untimely and successive.  *State v. Apanovitch*, 2018-Ohio-4744.

{¶ 13} The trial court found Gordon failed to meet the criteria set forth in R.C. 2953.23(A)(1)(a).  Gordon does not assert that a new federal or state right that applies retroactively to his situation has been recognized by the United States Supreme Court. Therefore, the only path to postconviction relief is through a showing that he was (1) unavoidably prevented from discovering facts that would demonstrate his claim for relief, and (2) that, but for a constitutional error, no reasonable factfinder would have found him guilty.  The trial court also found the requests are barred by res judicata.

{¶ 14} As noted above, Gordon's argument is that the evidence he presented is newly discovered and that it could not have been discovered in time for his direct appeal nor his initial postconviction petition. He states that the evidence was recently discovered in the year 2021. Yet, our review of the record in this case and prior motions filed by Gordon indicates that he has averred that the plea agreement and promise were entered into in the year 2000 and the trial was held in 2003, both prior to the direct appeal and the initial postconviction petition.

{¶ 15} Because Gordon failed to demonstrate his entitlement to an exception that would allow the trial court to consider his untimely postconviction relief petition, the trial court did not possess jurisdiction to entertain the petition and did not err in dismissing Gordon's petition without a hearing. *State v. Burke*, 2002-Ohio-6840 (10th Dist.). Moreover, assuming the trial court possessed jurisdiction, Gordon's arguments are barred by res judicata. *State v. C.W.*, 2023-Ohio-4393 (10th Dist.).

{¶ 16} For the reasons above, Gordon's single assignment of error lacks merit and is overruled.

## IV. Conclusion

{¶ 17} Having overruled Gordon's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS, P.J., and MENTEL, J., concur.

———————————